## HILL v. LAPPLEY.

1. HIGHWAYS AND STREETS—RIGHTS OF PEDESTRIANS—VEHICLES.
    Usually, a country highway is not, as a railroad crossing
    is, a place of danger to be approached and traversed
    only after looking and listening for coming vehicles.

2. SAME — RIGHTS OF PEDESTRIANS — COLLISIONS — QUESTION FOR
JURY.
    Usually, when persons having an equal right to use a
    highway come into collision and one is injured and brings
    an action, the question of his due care and of defendant's
    negligence are questions for the jury.

3. SAME—AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
    An aged woman who possesses all of her faculties, except
    that she has impaired eyesight, is guilty of contributory
    negligence in being struck by an automobile, where, after
    looking in both directions before alighting from the rear
    of an automobile truck, and seeing no vehicles coming,
    she alights backwards and starts to cross the street with-
    out seeing any vehicle and steps directly in front of an
    automobile headed in the same direction as the truck,
    and is struck thereby.[1]

Error to Kent; Barton, J., presiding. Submitted
October 19, 1917. (Docket No. 110.) Decided De-
cember 27, 1917.

. Case by Catherine Hill against Fred Lappley for
personal injuries. Judgment for defendant on a di-
rected verdict. Plaintiff brings error. Affirmed.

*Shivel & Whitney* (*Smedley & Linsey*, of counsel),
for appellant.

*Thompson & Temple*, for appellee.

[1]On duty of pedestrians in street to watch for automobiles, see
notes in 1 L. R. A. (N. S.) 215; 3 L. R. A. (N. S.) 345; 20
L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N.
S.) 1179; 51 L. R. A. (N. S.) 992.

Testimony for the plaintiff tends to prove that she was 77 years old in July, 1917. She lives in the country north of the city of Grand Rapids, and September 30, 1916, she went to the city with a neighbor in a Ford auto truck, driven by one George De Groot. There was a board box, cut out at the rear end, and a step to use in getting into and out of the truck. There was a seat on each side, passengers facing each other. There was no top except over the driver's seat, nothing to obstruct the view of a passenger to the sides or rear of the truck. Returning home in the afternoon of that day, the truck was driven east, stopping on the right side of the highway, in front of the neighbor's residence, and plaintiff there alighted with her two packages, or bundles. She alighted with deliberation, slowly, before doing so looking both to the east and to the west, and occupying from one-half minute to a minute in getting down. The road runs east and west. The graveled portion there is about 24 feet wide. The road is level, and west of the point indicated straight for a mile or more. Defendant drove an automobile from the west to the indicated point, and as plaintiff was crossing the highway, and it seems immediately she left the point where she alighted (she says she had taken three or four steps), she was struck, knocked down, and injured. The defendant's car was stopped within a few feet. Plaintiff was under the car, the rear wheels or a wheel resting on her leg, or on her clothing. The testimony for the plaintiff further tends to prove that no horn was sounded by defendant, and that neither plaintiff nor her neighbor, with whom she was riding and who had not descended from the truck when the injury was received, heard or saw the defendant's car until the instant of the collision. The truck's engine was running, the driver in his seat waiting for the two women to alight. He did not hear or see the ap-

proaching car. Plaintiff testified that, although her sight was defective — depreciated — she could see an approaching automobile four rods away. No testimony was offered by defendant. After hearing argument of the motion to direct a verdict upon plaintiff's case, the court said:

"With all due respect to your argument, the court is ready to decide this matter, and I do not think it is any injustice to you to decide it now. Here is a case brought for personal injury to the plaintiff because, as she alleges in her declaration, the defendant is guilty of negligence. Counsel has put much emphasis upon the fact that the woman's eyesight was depreciated because of her old age, and that for many years she had been observing the fact that her eyesight was depreciating, and that she could not see at the distance that she could when younger. The evidence discloses that she was in the possession of her full mental faculties; that up to this time she had pursued her vocation of housekeeping, and that she was the only one in charge of the housekeeping; that she had passed to and fro about the village where she resided at all times when she felt so disposed; her physical condition was somewhat depreciated, complaining of the weakness of one of her knees; that her hearing perhaps was somewhat depreciated, but, as she expressed it, very good, but she herself has put special emphasis upon the fact that she appreciated that her eyesight was diminishing, and that she had appreciated that fact for many years to the extent that she could not read without the aid of a magnifying glass, so-called, or reading glass. The testimony discloses that she, before alighting from the truck, looked in an easterly direction; that the truck was standing to the right of the center of the wrought portion of the highway, properly where it should stop; that there was a broad highway; in other words, the wrought portion of the highway from grass to grass was a distance of 24 feet. She herself testified that this was a main thoroughfare; in other words, that many motor vehicles passed and repassed there daily in and out, and that this was on Saturday afternoon about 4:30 p. m.; that Saturday and Sunday are the

busiest days of the week. On cross-examination she admitted that an automobile might be expected hourly and every minute, and at times more frequently. This was a fair day; the sun was shining, and it was daylight when she arrived at the place where she alighted; that she looked in both directions before leaving the truck, and on account of her feebleness she took deliberate time in gathering up her bundles and alighting; the estimate of a fellow passenger, Mrs. Moore, was that she consumed from a half a minute to a minute from the time that the truck stopped and she started to alight until such time as she was struck by the automobile.

"The burden of the proof is upon the plaintiff to prove the negligence of the defendant. The burden is also upon the plaintiff to prove that she also was not guilty of contributory negligence. That must be the plain, unvarnished conclusion of any court, any fair-minded court, that wants to follow the rule of law of Michigan. I fully appreciate that I could shirk my responsibility in this case in many ways. *First,* I could allow this motion to be renewed at the close of defendant's proof, and under the judicature act, I could allow it to go to the jury as a question of fact, and after the verdict was rendered I could set it aside. Perhaps, there are those that might argue that the testimony in this case is close, and I fully appreciate that a statement of facts like this, where an aged person, 76 years of age at the time of the accident, makes a claim of damages as against a young man who is driving a car, before a jury, is apt to bring about a verdict for the plaintiff. The situation here necessarily excites the sympathy of any person; it certainly does of this court; but I cannot shirk my responsibility because of that fact. It is my plain duty, as I see it, to direct a verdict of no cause of action and I shall do it."

Plaintiff contends that the question of her contributory negligence was for the jury. No other point is presented for decision.

OSTRANDER, J. (*after stating the facts*). Usually a country highway is not, as a railroad crossing is, a

place of danger, to be approached and traversed only after looking and listening for coming vehicles. Usually, when persons having an equal right to use it come into collision and one is injured and brings suit, the question of his due care and of the defendant's failure to take due care are questions for a jury.

The right of plaintiff to walk over, to cross the highway is clear, as is the right of defendant to drive his motorcar over it. Is it so clear that plaintiff failed to take due care for her own safety that in the problem presented defendant's conduct is immaterial? I think it is clear, and that the ruling of the trial court was right. To the court the attorney for plaintiff said when the motion to direct a verdict was under consideration:

"I do not claim she looked after she started to alight. I claim she looked when she got up, and couldn't see anything in her path. Now, she was bothered and her attention was distracted by another thing, her bundles that she had to take care of. That was the business at hand, safely getting out of that car, picking up her skirts and her bundles with one hand, and feeling along the side of that car with the right hand to safely get her down, getting down backwards, occupying only, as one witness says, estimates, the time from half a minute to a minute."

It is obvious, I think, from all the testimony, that plaintiff most unfortunately stepped into the highway directly in front of the defendant's car. The most ordinary care on her part should have prevented her from so doing. She cannot impose upon him consequences for which she was in part responsible.

The judgment is affirmed, with costs to appellee.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.