## FULTON v. MOHR.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action for the death of plaintiff's decedent, caused by his being struck by defendant's truck, where the evidence showed that decedent, in the middle of a block of a narrow street, suddenly stepped from behind another car where he could not be seen, and proceeded diagonally across the street with his back toward the direction from which vehicles would come, with his coat collar turned up and his head down, without looking, and apparently so engrossed in thought that he failed to hear either the noise of the truck or the shout of warning, and was hit by the truck, he was guilty of contributory negligence as a matter of law, barring recovery.

2. SAME—CONTRIBUTORY NEGLIGENCE — UNLICENSED CHAUFFEUR — NEGLIGENCE.

Where decedent was guilty of contributory negligence as a matter of law, barring recovery, the fact that defendant's chauffeur was unlicensed becomes immaterial.

3. APPEAL AND ERROR—DIRECTED VERDICT—REVIEW.

Where the court below properly directed a verdict for defendant, the judgment will be affirmed by the appellate court although for a different reason.

Error to Wayne; Hally, J. Submitted January 11, 1918. (Docket No. 55.) Decided March 27, 1918.

Case by Jean Fulton, administratrix of the estate of James Fulton, deceased, against Frank Mohr for the negligent killing of plaintiff's decedent. Judgment for defendant. Plaintiff brings error. Affirmed.

*Dohany & Dohany,* for appellant.

*J. O. Murfin (Howard H. Campbell,* of counsel), for appellee.

KUHN, J. On the afternoon of March 5, 1915, plaintiff's decedent, while attempting to cross Scotten avenue a short distance north of Michigan avenue in the city of Detroit, was struck by a one-ton motor truck belonging to defendant, then being driven by defendant's employee in connection with the plumbing business conducted by defendant in said city, and received injuries from which he died about an hour later. It had been a stormy day, and at the time of the accident a heavy, wet snow was falling. The truck was proceeding, at a speed of about eight miles an hour, along Scotten avenue in a southerly direction, and was keeping just a little to the right of the center of the street, which is 30 feet wide and was at that time free from other vehicles, except a Ford automobile parked, facing south, close to the westerly curb in front of the Standard Oil Company's offices, which face Scotten avenue at the point where the accident occurred. This Ford car measured 11 feet 3 inches in length and 4 feet 8 inches in width; its top was up and the side curtains on. No one saw deceased prior to or at the time he stepped off the west curb of the street, but an employee of the Standard Oil Company testified that she saw him a step or two from the curb, in front of this Ford automobile and within two or

three feet of it, walking at a moderate speed in a southeasterly direction diagonally across the street, at an angle of about 45 degrees. His head was down and his coat collar up. Just as he cleared the Ford car he was seen by the driver of the truck, which was then about three feet behind the rear of the Ford. The driver at once applied the brakes, turned his car to the left to avoid striking the man, and, just as the car hit the man, was reaching down to apply the emergency brake. He did not sound the horn—claims he did not have time—but another of defendant's employees on the truck yelled at the man, without, however, attracting his attention, and deceased was struck by the left front of the truck and received the fatal injuries. It cannot be exactly stated from the testimony how far the truck went after the collision, but the distance as given by the witnesses varies from 4 to 18 feet. There was some testimony to indicate that deceased had reached a point east of the center of the street at the time he was struck. When the truck was stopped, he was found between the axle and the left spring.

According to the testimony of the driver, the truck was not loaded, the brakes were in good condition, and under the conditions that existed that day, he could stop the car within its own length, 12 feet. The regular driver of the truck had been sick for some weeks prior to the accident, and a junior plumber in defendant's employ (not a licensed chauffeur) was acting as driver at the time of the accident. It appears that he had been driving this truck during the entire period the regular driver was away; also that he had driven it during the sickness or absence of the regular driver on prior occasions, and that he had driven other makes of automobiles at various times, his experience as a chauffeur extending over about four years prior to the accident.

At the conclusion of plaintiff's testimony, the court,

upon motion, directed a verdict for defendant on the ground that there was no evidence that would warrant the jury in finding him guilty of negligence.

The following statement is found in the brief of counsel for appellant:

"It is plaintiff's contention that the fact that defendant's automobile was being operated by an unlicensed chauffeur at the time of plaintiff's injury has a bearing on the question of defendant's negligence in this cause."

The record does not show that this point was presented to the lower court by any request to charge or that the attention of the lower court was in any way directed to this question. The lower court based its decision for a directed verdict on the ground that there was no evidence that would warrant the jury in finding the defendant guilty of negligence, and we are of the opinion that the judge might properly have also based his conclusion upon the ground that it conclusively appears, and therefore should be decided as a matter of law, that the plaintiff's decedent was guilty of such contributory negligence as would bar the right to a recovery. It therefore does not become necessary to consider the question as to whether or not the fact that the driver of the automobile was an unlicensed chauffeur might be properly considered as bearing upon the question of defendant's negligence. We think it is sufficient to say that this record affirmatively shows that the decedent, in the middle of a block of a narrow street, 30 feet in width, suddenly and unexpectedly stepped from behind another car where he could not be seen by the driver of defendant's car, with his back turned towards the portion of the highway that would necessarily be traveled by an automobile on that side of the street, with his coat collar turned up and his head down; further that he not only failed to look, but apparently was so engrossed with

other thoughts that he failed to hear either the noise of the car or the shout of warning from the companion of the driver. We think the language used by Mr. Justice STEERE in *Barger* v. *Bissell,* 188 Mich. 366, is applicable here:

"The evidence is undisputed that plaintiff stepped quickly off the curb on the side of the street the car was running, and started rapidly to cross just in front of and diagonally from this closely approaching car, with her head down, without looking, her back turned partially from it and from the direction vehicles should be expected upon that side of the street. It is manifest that she exercised no care at all, and, if an adult, she would clearly be barred from recovery by her own carelessness and negligence."

See, also, the recent case of *Hill* v. *Lappley,* 199 Mich. 369.

While the learned circuit judge did not base his conclusion for a directed verdict upon the reasons herein stated, nevertheless, as we are of the opinion that he acted properly in directing the verdict, his action and the resulting judgment will be affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.