DEAL *v.* SNYDER.

AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — NEGLIGENCE — HIGH-
WAYS AND STREETS—MOTOR VEHICLE LAW.

> Where plaintiff alighted from an automobile standing
> slightly to the west of the center of the traveled track,
> and started to the east to cross the road without looking,
> when he was struck and injured by defendant's automo-
> bile which approached from the south, he was guilty of
> contributory negligence precluding recovery, although de-
> fendant was concededly negligent in violating the statute
> by passing to the right of the standing car.

Error to Eaton; Smith, J. Submitted April 17,
1918. (Docket No. 105.) Decided September 28, 1918.

Case by John H. Deal against Walter Snyder for
personal injuries. Judgment for plaintiff. Defend-
ant brings error. Reversed, and no new trial ordered.

*Rosslyn L. Sowers* and *Elmer N. Peters,* for appel-
lant.

*Frank A. Dean* and *Claude J. Marshall,* for appellee.

BIRD, J. In the summer of 1916 plaintiff was em-
ployed as a farm laborer on the farm of John Locke,
in the township of Benton, Eaton county. The farm
lies along the east side of a north and south "State
reward" highway. Plaintiff resided in the tenant
house about 60 rods south of the Locke dwelling and
barns. In returning to his work after dinner on July
17th he rode with a Mr. Murray, a neighbor who
was driving an automobile of the roadster type.
When they arrived opposite Mr. Locke's barns Mur-
ray stopped the car a little to the west of the center
of the traveled track and plaintiff got out on the right

See notes in 38 L. R. A. (N. S.) 491; 42 L. R. A. (N. S.) 1183.

side where he had been riding. After closing the door he took a step or two toward the east when he was run into, knocked down and run over by defendant's automobile which approached from the south and passed the Murray car on the right side, with the result that plaintiff was severely injured.

The declaration charged defendant with operating his car in a reckless and negligent manner in violation of the statutory provisions of the automobile law. Excessive speed, failure to give warning of his approach and the passing of the Murray car on the right instead of on the left are counted upon as negligent operation. The jury found defendant guilty of negligence and awarded plaintiff the sum of $3,150 by way of compensation.

Defendant's assignment of errors raises a large number of questions affecting the defendant's negligence. The question of plaintiff's contributory negligence is also raised. We think this is the controlling question in the case. Plaintiff's own testimony is important on this question. Upon cross-examination he testified as follows:

"I could see and hear good. The house I occupy is the tenant house on the Locke farm and across the road from where he lives, something like 60 rods south. The Watts house is about 60 rods south of the house I live in as near as I can get at it. It is something like 120 rods from where this accident occurred to the Watts house. This was in broad daylight, about one o'clock in the afternoon, a very clear, bright day. From Watts' place clear down to where I was hurt the road was clear and any one could see any person that was in the road if they had looked at all, see them perfectly plain.

"*Q.* In other words, Mr. Snyder could have seen that car you were riding in if it was in the road any time after he broke over the hill by Watts' place?

"*A.* Yes, sir.

"*Q.* And you could have seen Snyder's car any time

from the time it broke over the hill by Watts' place until it hit you, had you looked?

"*A.* No, sir; I didn't look to see if there was any car coming back of me.

"*Q.* Had you looked you could have seen it?

"*A.* If I had looked?

"*Q.* Yes.

"*A.* I presume I could have looked and seen it if I had looked.

"*Q.* Don't you know you could?

"*A.* Sure I could if I looked.

"*Q.* But you didn't look?

"*A.* No, I didn't. I didn't see it at all before it hit me, and didn't even see it when I got into the Murray car. I didn't even see Watts when I got into the Murray car; in fact I didn't look that way at all. If I had looked that way at any time I could not have helped seeing Snyder. Murray stopped his car and let me in a little bit north of my house; the car was a runabout, one seat, room for two passengers. He drives from the left hand side. It is not a noisy car, does not make any more noise than a Ford. The back curtain of the top was rolled up, so my view of the road was not obstructed by the curtain particularly, nothing to prevent me looking back before I got out."

No error was committed in submitting to the jury the question of defendant's negligence, but even though it be conceded that defendant was violating the provisions of the statute in operating his car as he did, it was the duty of plaintiff to avoid injury to himself if he could do so by the use of ordinary care. The ordinary care which the law demands of one in the public highway similarly situated is to look before attempting to cross. This he admits he did not do. When plaintiff admits that the slightest glance upon his part would have averted the accident, the law cannot aid him even against one who is concededly negligent. This is the doctrine of the following cases and this case must be ruled by them: *Zoltovski* v. *Gzella,* 159 Mich. 620 (26 L. R. A. [N. S.] 435, 134 Am. St. Rep. 752); *Gibbs* v. *Dayton,* 166 Mich. 263;

*Tolmie* v. *Taxicab Co.,* 178 Mich. 426; *Ude* v. *Fuller,* 187 Mich. 483; *Barger* v. *Bissell,* 188 Mich. 366; *Fulton* v. *Mohr,* 200 Mich. 538; *Hill* v. *Lappley,* 199 Mich. 369.

The judgment must be reversed, with no new trial.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, C. J., concurred in the result.