BUDNICK v. PETERSON.

1. NEGLIGENCE—AUTOMOBILES—HIGHWAYS AND STREETS—DUTY TO KEEP ON TRAVELED PORTION.

In an action for the wrongful death of plaintiff's decedent, where defendant's automobile struck decedent while he was walking in the nighttime on the highway, outside the paved part, *held*, to be defendant's duty to keep on the traveled portion of the road.

2. SAME—BLINDED BY LIGHT—DUTY TO STOP.

If defendant's vision was obscured by the glaring lights of an approaching car, it was his duty to slacken his speed and have his car under control so as not to endanger the safety of pedestrians.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Where decedent was walking outside the paved portion of a highway he was not guilty of contributory negligence, as a matter of law, because he did not step still further from the pavement, he being in no apparent danger, and there being plenty of room for defendant to pass another automobile in safety on the paved way.

4. APPEAL AND ERROR—DEATH—SURVIVAL ACT—EVIDENCE—SUFFICIENCY—JUDGMENT.

In an action for the death of plaintiff's decedent under the survival act, if there is any competent evidence tending to show that the deceased survived the injury, the judgment in favor of plaintiff must be affirmed, on error.

5. SAME—DEATH—SURVIVAL ACT—EVIDENCE—DIRECTED VERDICT.

Evidence that when decedent was picked up he was groaning and continued to do so until he reached the hospital, and that his dissolution occurred about 15 minutes thereafter, *held*, to justify refusal of a directed verdict that death was instantaneous.

Error to Muskegon; Vanderwerp (John), J.    Sub-

On the question of reciprocal duty of operator of automobile and pedestrian to use care, see notes in 1 L. R. A. (N. S.) 215; 4 L. R. A. (N. S.) 1130; 20 L. R. A. (N. S.) 232; 24 L. R. A. (N. S.) 557; 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

On liability for injuries to one blinded by headlight, see notes in 42 L. R. A. (N. S.) 876; 48 L. R. A. (N. S.) 827.

On duty of operator of automobile to stop in order to avoid collision with pedestrian, see note in 24 L. R. A. (N. S.) 557.

mitted June 22, 1921.    (Docket No. 67.)    Decided
October 3, 1921.

Case by Catherine Budnick, administratrix of the
estate of William Peters, deceased, against Albert M.
Peterson, for the negligent killing of plaintiff's de-
cedent.   Judgment for plaintiff.   Defendant brings
error.   Affirmed.

*Lillie, Lillie & Lillie,* for appellant.

*John G. Anderson* and *Charles B. Cross,* for appellee.

SHARPE, J.   On May 18, 1920, at about 11 o'clock at
night, 3 boys, William Peters, Charles Swift and Clar-
ence Herbst, each about 15 years of age, who had been
attending an entertainment at a schoolhouse and were
returning to their homes, were going north, walking
abreast with locked arms, along what is known as
Henry street, a highway just outside the limits of the
city of Muskegon.   This street was 66 feet in width
and had in the center a 16-foot asphalt pavement,
without curbs.   The defendant was driving an auto-
mobile in the same direction the boys were walking.
They saw his car coming behind them when some
distance away.   They also saw a car approaching
from the north.   They moved over to the east outside
the pavement to let these cars pass.   They did not
unlock arms, but moved closer together.   Herbst, on
the east, was near the edge of the ditch, and Peters,
on the west, was in the sand near the pavement.   De-
fendant did not see the boys.   His car, in passing,
struck Peters, throwing him about 25 feet.   The first
intimation he had of the collision was "when he felt
the bump" and his companion, Miss Hamil, said to
him that he had "hit something."   He then stopped
and took the boy to a hospital, where he soon after
died.   There was testimony that another car, not ob-
served by the boys, was going in the same direction
as defendant.   Two witnesses testified that these cars

were apparently racing. They were almost, if not quite, abreast at the time of the collision.

The plaintiff had verdict and judgment for $3,125. But two questions are raised by the assignments of error:

(1) The contributory negligence of the deceased.
(2) Plaintiff's right to recover under the survival act.

1. Contributory Negligence. There was evidence clearly establishing the fact that at the time Peters was struck he was outside the traveled portion of the highway. This should have been to him a place of safety. Defendant in no way justified himself in invading. it. His negligence in doing so is conceded on this record. The reciprocal rights and duties of pedestrians and drivers of automobiles, on the public ways, have been considered by this court in several recent cases. *Perkins* v. *Holser*, 213 Mich. 579, and cases there cited. It is unnecessary to repeat what was therein said. Those relied on by defendant's counsel (*Hill* v. *Lappley*, 199 Mich. 369; *Fulton* v. *Mohr*, 200 Mich. 538; *Deal* v. *Snyder*, 203 Mich. 273; *Gillett* v. *Traction Co.*, 205 Mich. 410) are all cases in which the person injured was on the traveled portion of the street. The distinction is apparent. This highway was constructed for use by Peters quite as much as by defendant. It was defendant's duty to keep on the traveled portion thereof. He was chargeable with notice that pedestrians might be walking along the road. The law required him to have his car equipped with lights. By their use he could observe the presence of pedestrians and they be informed of his approach. Peters saw the light from defendant's car. He also saw the car approaching from the north. He yielded to them the entire width of the pavement, 16 feet. This space was sufficient to

permit the two cars, if operated with reasonable care, to pass in safety.    This defendant did not see Peters. If his vision was obscured by the glaring lights of the approaching car, it was his duty to slacken his speed and have his car under such control that he might stop it immediately if necessary.    Peters, as a matter of law, was not chargeable with notice that the defendant might be compelled to leave the pavement to avoid a collision with the approaching car.    He was in no such apparent danger as would have justified an instruction that his failure to step further from the pavement rendered him guilty of contributory negligence.    See *Gerhard* v. *Ford Motor Co.*, 155 Mich. 618 (20 L. R. A. [N. S.] 232) ; *Bouma* v. *Dubois*, 169 Mich. 422.

2. Survival.    If there was any competent evidence tending to show that the deceased survived the injury, the judgment entered must be affirmed.    There was evidence tending to prove that when he was picked up he was groaning and continued to do so until he reached the hospital.    His dissolution occurred about 15 minutes thereafter.    This court has on several occasions considered the question here presented.    In *Swaczyk* v. *Detroit Edison Co.*, 207 Mich. 494, it was said:

"The recognized test in this State distinguishing between the two causes of action, survival and instantaneous death, is whether the active cause of death continued to operate directly upon the injured person until life was extinct."

In *West* v. *Railway*, 159 Mich. 269, this court said:

"Where there is a continuing injury, resulting in death within a few moments, it is 'instantaneous' within the meaning of the statute."

See, also, *Olivier* v. *Railway Co.*, 134 Mich. 367 (3

Ann. Cas. 53) ; *Ely* v. *Railway Co.*, 162 Mich. 287; *Paperno* v. *Engineering Co.*, 202 Mich. 257.

On the record here presented, we cannot say as a matter of law that death was instantaneous.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.