## JONES v. ARMSTRONG.

1. NEGLIGENCE—MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE TO
   GO 40 FEET IN CROSSING STREET WITHOUT LOOKING SECOND TIME.
   Where plaintiff looked before starting. east to cross a
   village street and saw no automobile coming from the
   south, but did not look again while traveling 40 feet of
   the street, when he turned to go diagonally northeast to
   take an auto-bus standing on the east side of the street,
   and, when within 18 inches of the bus, he was struck and
   injured by an automobile from the south, which he could
   have seen had he looked again, he was guilty of con-
   tributory negligence as a matter of law, precluding his
   right to recover.[1]

2. SAME—GROSS NEGLIGENCE—LAST CLEAR CHANCE.
   In the absence of a showing that the driver of the auto-
   mobile did not suppose that plaintiff would stop for a
   moment, or, if he did not do so, that he would quicken
   his pace and thus avoid the accident, the doctrine of last
   clear chance is not applicable.[2]
   McDONALD, C. J., and CLARK and BIRD, JJ., dissenting.

Error to Eaton; McPeek (Russell R.), J.    Sub-
mitted April 7, 1925.    (Docket No. 20.)    Decided
July 16, 1925.

Case by Henry C. Jones against Mancel O. Arm-
strong for personal injuries.    Judgment for defend-
ant on a directed verdict.    Plaintiff brings error.
Affirmed.

*Seymour H. Person* and *Wilber M. Seelye,* for appel-
lant.

*Rosslyn L. Sowers,* for appellee.

MOORE, J.    The plaintiff brought this case to re-

[1]Motor Vehicles, 28 Cyc. p. 49; [2]Id., 28 Cyc. p. 49.
On duty of pedestrians to look out for automobiles in street,
see notes in 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.

cover damages for personal injuries received by him when the defendant ran into him with an automobile owned and driven by the defendant. After the testimony offered by the plaintiff was all in, and without witnesses being sworn on the part of defendant, the court directed a verdict in behalf of defendant for the reason the judge was of the opinion that the testimony of the plaintiff showed he was guilty of contributory negligence. The case is brought to this court by writ of error.

It is insisted by counsel for the appellant that whether plaintiff was guilty of contributory negligence or not, it presented a question of fact which should have been presented to the jury.

Counsel for defendant cites *Barger* v. *Bissell*, 188 Mich. 373; *Tolmie* v. *Taxicab Co.*, 178 Mich. 433; *Deal* v. *Snyder*, 203 Mich. 275; *Creitz* v. *Wolverine Engineering Co.*, 213 Mich. 402, and other authorities.

The facts are not very much in dispute. The plaintiff was a painter who roomed at Dimondale, and was doing some painting at East Lansing. He went to and from his work on an automobile bus that ran between Eaton Rapids via Dimondale and Lansing. Dimondale is a village having about 400 inhabitants. Main street runs nearly north and south and is 55 feet wide between sidewalks. It is crossed at right angles by Water street. When the omnibus reached Main street it turned north, stopping on the right-hand side of Main street about 17 to 20 feet north of the north line of Water street. The plaintiff that morning had two half-gallon and one one-quart cans of paint which he carried in his arms. Soon after the omnibus stopped the plaintiff stepped out into the street, but before doing so he says he looked both ways and, seeing nothing, proceeded east on or near the crosswalk until he got about two-thirds of the way across the street, when he turned to the north and went

diagonally toward the omnibus; that when he passed the rear of the omnibus and had gone about three feet he was overtaken by the automobile and was thrown down and was severely injured.   It was his claim that no signal was given of the approach of the automobile until it was within six or eight feet of him and that he was almost instantly struck.

Other witnesses told substantially the same story except the driver of the omnibus, who said that plaintiff started from the first to go in a diagonal direction toward the omnibus.    On his cross-examination the plaintiff testified there was a bridge across Main street about 30 rods south of where the omnibus was and that he could see the street all the way to the bridge had he looked.    Other witnesses place the bridge only 15 or 20 rods away and all are agreed that if one had looked in that direction he would have seen the defendant's automobile from the time it came over the bridge until plaintiff was hit by it.    The driver of the auto-bus was a witness for the plaintiff and testified he saw the automobile from the time it came over the bridge until it hit plaintiff; that it was on the right-hand side of the center of the street and did not run to exceed 10 miles an hour, and that it was an upgrade.    The testimony is that there was nothing to interfere with the view of the street by both plaintiff and defendant had they looked.    Plaintiff testified that he did not look after he started to go across the street, but traveled the 40 feet or more that he did travel without again looking.

As no witnesses were sworn by defendant, we have not got his version of what happened, though one of the witnesses testified that defendant stated soon after the accident that he did not see the plaintiff until it was too late to avoid him.

We think the case is within the principle stated in *Barger* v. *Bissell*, 188 Mich. at page 373; *Hill* v. *Lap-*

*pley,* 199 Mich. 369; *Fulton* v. *Mohr,* 200 Mich. 538; *Deal* v. *Snyder,* 203 Mich. 275.

Counsel for appellant insist that, as there was more than 30 feet of roadway west of plaintiff in which defendant might have driven and thus avoided hitting the plaintiff, the doctrine of last chance applies, and that upon that feature of the case it should have been submitted to the jury.    There is nothing in the record to indicate that the driver of the car did not suppose plaintiff would stop for a moment, or if he did not do so that he would quicken his pace.    Had he done either of these things the accident would not have happened.    We find no reversible error.

Judgment is affirmed, with costs to the appellee.

SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred with MOORE, J.

McDONALD, C. J. (*dissenting*).    I think this judgment should be reversed.    The plaintiff was not guilty of contributory negligence.    At least the question was for the jury.    In crossing the street to take the bus he was only charged to exercise such reasonable care as the circumstances required.    What were the circumstances?    The bus had stopped at its usual stopping place on the east side of the street in the village of Dimondale, to let off and take on passengers. It was 7 o'clock in the morning.    The street was wide and while never a busy thoroughfare, was at that time of the morning devoid of traffic.    The plaintiff was on the west side.    Before attempting to cross he looked for approaching automobiles but saw none.    He crossed to within 12 feet of the opposite side without again looking.    It is held that this was negligence, but he was not hit while making this crossing; so whether he looked at that time is immaterial.    When he had reached a point within 12 feet of the opposite side he turned without looking and took a diagonal course towards the bus.    It is said that his failure

to look at this time was negligence. The answer to that is that he was not hit while going in this diagonal direction. He had crossed the street safely and at the time of the accident was alongside of the bus, within 18 inches of it, moving towards the front where the driver stood with open door awaiting him. The defendant going in the same direction drove up from the rear and ran him down, without giving any warning of his approach or attempting to turn to the left as the law requires. The only moving objects in this wide street were the pedestrian and the defendant's automobile. There was ample room for both. Under these circumstances, when the plaintiff got alongside of the bus within 18 inches of it, he was justified in believing that he had reached a point of safety, that he could walk along the side of the bus without danger from approaching automobiles. He had a right to rely on the assumption that any automobile coming up from the rear would in obedience to the law sound a warning and turn to the left. With 40 feet of open street to the left absolutely devoid of traffic, the defendant had no right to drive his automobile within 18 inches of this bus. And the plaintiff had no reason to believe that he would do so. If the bus had not been there the plaintiff walking on the side of the street, where he had a right to be, was not required to look behind for approaching automobiles, or to walk backwards in order to avoid being run down. See *Nordman* v. *Mechem,* 227 Mich. 86.

A reasonably prudent man would not have driven his automobile where the plaintiff was walking when he was hit, and the plaintiff had a right to act on the assumption that the defendant would act as a reasonably prudent man. As the record now stands, it presents a case of gross negligence against the defendant. If under the evidence it can be said that contributory negligence is at all involved, it is at least a

question for the jury.    The court erred in holding as a matter of law` that the plaintiff was guilty of contributory negligence.

The judgment should be reversed, with costs to the plaintiff.

CLARK and BIRD, JJ., concurred with McDONALD, C. J.