HINCHEY *v.* J. P. BURROUGHS & SON.

DEATH—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—MOTOR VEHICLES —DIRECTED VERDICT.

> Where a pedestrian carrying a pail of water was attempting to cross a city street in the middle of the block on a dark night in December, when he was struck and killed by a truck admittedly traveling 17 or 18 miles an hour, with dimmers which shone only about 12 feet ahead, and there were no eyewitnesses as to what deceased did, or as to what precautions he took before attempting to cross, until he was within a foot of the truck which struck him, when the driver saw him, it cannot be said that he was guilty of contributory negligence as matter of law, precluding recovery for his death. SNOW, FELLOWS, and CLARK, JJ., dissenting.

Error to Genesee; Brennan (Fred W.), J. Submitted January 12, 1927. (Docket No. 79.) Decided October 3, 1927.

Case by George E. Hinchey, administrator of the estate of George I. Hinchey, deceased, against J. P. Burroughs & Son for the alleged negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*C. A. Withey* and *C. A. Bishop,* for appellant.

*George W. Cook,* for appellee.

SNOW, J. (*dissenting*). On a dark night in December, 1924, between the hours of 6 and 7 o'clock, plaintiff's decedent received injuries from which he later died, by being struck with a Dodge delivery truck, driven by defendant's employee, on Beach street in the city of Flint. Beach is known as a "through

Death, 17 C. J. § 180; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179; 51 L. R. A. (N. S.) 993; 14 A. L. R. 1183; 2 R. C. L. 1186, 1187; 1 R. C. L. Supp. 725; 4 R. C. L. Supp. 149; 5 R. C. L. Supp. 135; 6 R. C. L. Supp. 130.

street," upon which at this time there was a great deal of traffic, due in part to Saginaw street near by being then out of repair. The only witnesses to the accident were the driver of the truck, and a 13-year old boy who was riding with him. They were called by the plaintiff and testified in effect that the car was being driven at the rate of about 17 miles per hour, with dimmers which shone about 12 feet ahead, although the driver, when asked if he could have seen deceased if he had stepped within the radius, answered that he did not believe he could, because the lights didn't make any reflection on the pavement at all. The driver also testified that he struck deceased with the hub of the left front wheel; that the street was very narrow; that he did not see deceased until he was within a foot of the car directly in front of it; that he turned his car to the right in an endeavor to escape hitting him, but that the left corner of the truck struck him. From the testimony of these witnesses it also appears that the plaintiff was attempting to cross the street in the middle of the block, carrying a pail of water towards his home. At the close of plaintiff's case, the court directed a verdict for the defendant because the proofs undisputedly showed the deceased to have been guilty of contributory negligence. Plaintiff brings error.

We are convinced the trial court took the right view of the case. *Jones* v. *Armstrong,* 231 Mich. 637; *Steele* v. *Hamilton,* 218 Mich. 522; *Hill* v. *Lappley,* 199 Mich. 369; *Deal* v. *Snyder,* 203 Mich. 273; *Fulton* v. *Mohr,* 200 Mich. 538; *Halzle* v. *Hargreaves,* 233 Mich. 234.

This is not of the class of cases where the injured person looked before entering upon the street and continued his watchfulness after entering the traffic, but failed to see an approaching automobile because of its high rate of speed or from some other good cause. Here the truck was not speeding, and its lights, al-

though their rays projected but an inconsiderable space ahead, were plainly visible to deceased a long distance away, and had he looked in that direction at all he must have seen them.   Failing to look, as we must conclude he did, in the absence of any other explanation as to how he came to walk out into the street directly in the path of the truck, it cannot be said that he exercised ordinary care or caution in attempting to cross.   It is certain that one about to cross a public street must exercise ordinary and reasonable caution and care for his own safety, dependent entirely upon the conditions and surroundings that obtain at the place of crossing.   He may not step upon a well traveled pavement without looking, nor, having looked, may he proceed without further heed to his surroundings, when, had he looked again, he would have seen and been able to avoid his danger.   Any presumption of want of negligence on the part of deceased in the instant case is overcome by the undisputed facts as to how the accident happened.   He was crossing a heavily traveled thoroughfare in the middle of a block on a very dark night.   He lived upon the street and knew that it was a busy one.   A much greater degree of care was required in crossing as and where he did than at an intersection of streets where drivers are on the look out for pedestrians to cross.   The center of a block is never a proper place to cross a busy street.   Particularly is this true at night where observation of objects is difficult.   The deceased having no right to attempt a crossing where he did, there was no duty on the part of the driver to "exercise special care in anticipation both of crossing pedestrians and vehicles" as was held by this court in *Patterson* v. *Wagner,* 204 Mich. 593.   Likewise in the recent case of *Petersen* v. *Lundin,* 236 Mich. 590, the accident happened at a regular street crossing, and that this fact was important in the holding is evidenced by the

language of the court in considering the question of defendant's negligence, where it is said:

"Considering the darkness, mist and fog, the limited vision afforded through the windshield, the speed defendant was driving, and the fact the accident occurred on a cross-walk, we think there was evidence," etc.

In the instant case decedent could have protected himself by the use of ordinary care. He failed to exercise it. His negligence clearly contributed to the injury, and recovery cannot be had.

The judgment should be affirmed, with costs to defendant.

FELLOWS and CLARK, JJ., concurred with SNOW, J.

BIRD, J. I am of the opinion that the questions of defendant's negligence and the deceased's contributory negligence were questions for the jury.

Defendant's Negligence. Defendant admitted that the truck was traveling 17 or 18 miles an hour on a residence street in the city of Flint. As this accident occurred in 1924, this was an admission that it was guilty of negligence *per se*. *Westover* v. *Railway Co.*, 180 Mich. 373; *Levyn* v. *Koppin*, 183 Mich. 232.

Defendant also admitted that he could not have stopped his car within the range of his lights. This was an admission of negligence. *Spencer* v. *Taylor*, 219 Mich. 110. In that case the court said in part:

"We think the court was right in holding plaintiff guilty of contributory negligence as a matter of law. It is well settled that it is negligence, as a matter of law, to drive an automobile along a public highway in the dark at such a speed that it cannot be stopped within the distance that objects can be seen ahead of it;" citing authorities.

It was for the jury to say whether these acts of negligence were the proximate cause of the accident. It was likewise a question for them whether the operation of the truck was negligent.

Deceased's Negligence.   No one saw the movements of deceased up to the time he was within one foot of defendant's truck.   Up to that time no presumptions of negligence on his part can be indulged.   We must presume that he was in the exercise of due care. *Gilbert* v. *Railroad Co.*, 161 Mich. 73; *Richardson* v. *Railway Co.*, 176 Mich. 413.   Starting then at that moment, what did the deceased do after that which leads to the conclusion that he was guilty of contributory negligence?   There is nothing except that he was in collision with defendant's truck.   Can we say, as a matter of law, that deceased was responsible in whole or in part for the collision, and defendant was not wholly to blame, when it has admitted its negligence in two respects?   If defendant were guilty of negligence in two respects, is not that some evidence that deceased was not responsible for his own injuries? Are we going to say that deceased was guilty of contributory negligence, as a matter of law, because no reasonable man would attempt to cross a 24-foot pavement at night, when there was little or no traffic, with a pail of water in his hand?   If not, what did he do to make him guilty of contributory negligence? We ought not to charge a man, whose lips have been closed in death, with contributory negligence unless we can point out what act or acts made him so. *Amley* v. *Saginaw Milling Co.*, 195 Mich. 189, and *Tuttle* v. *Briscoe Manfg Co.*, 190 Mich. 22, are instructive cases on this question.

The recent case of *Petersen* v. *Lundin*, 236 Mich. 590, is very much in point.   Petersen attempted to cross Stephenson avenue in the city of Menominee. It was after dark on the 10th day of November, 1924. It had been raining and there was some fog.   Before Petersen reached the opposite side of the street he was struck by Lundin's automobile and injured so badly that he lived only four hours.   No one saw the acci-

dent except the driver, and he did not see him until about the time he struck him.   The trial court submitted the question of Petersen's contributory negligence to the jury and his action was affirmed by this court.   Mr. Justice WIEST, in the course of his opinion, said in part:

"Defendant was the only eyewitness of the accident and was called by plaintiff for cross-examination under the statute.   It is claimed that his testimony established contributory negligence on the part of Mr. Petersen.   In behalf of defendant it is said that the presumption of care allowed by law in cases where there are no eyewitnesses cannot be indulged because defendant was an eyewitness and his testimony established want of care on the part of Mr. Petersen. Defendant's testimony was limited to a view of decedent at the very moment he was in front of the automobile and just as he was struck.   Defendant did not see decedent before he was in front of the automobile, and the case is barren of witness evidence of what care decedent exercised before he got in the path of the automobile.   The fact decedent was in a place of danger did not require a finding of want of care, for this would make the happening of the accident evidence of contributory negligence on his part, and this can no more be done with reference to contributory negligence than it can upon the question of defendant's negligence.   The care required of Mr. Petersen was exercised or not as he approached the path of the automobile and at such point defendant did not see him. In the absence of testimony showing the actions of Mr. Petersen as he approached the path of the oncoming automobile, the law permitted the presumption of due care on his part to carry the issue to the jury. This being true, the court was not in error in instructing the jury that they should assume Mr. Petersen saw the automobile.   Such instruction was no more than the application of the presumption that Mr. Petersen was exercising due care.

"The ruling asked in behalf of defendant would, in effect, make a pedestrian guilty of negligence as a matter of law if he so conducted himself as to get into the path of an automobile.   On a dark, misty night

the distance automobile lights are away is somewhat deceptive, and also the speed of an automobile. Persons do get in the path of automobiles even while exercising due care. There is no rule of law requiring a pedestrian to rivet his eyes on an approaching automobile. He should look but if, having looked, it appears safe to cross, he may proceed, and his care is not to be determined solely by the fact he was struck and was not at that second looking at the automobile."

The judgment of the trial court is reversed, and a new trial granted, with costs to plaintiff.

SHARPE, C. J., and STEERE and MCDONALD, JJ., concurred with BIRD, J.

WIEST, J. Under the authority of *Petersen* v. *Lundin,* 236 Mich. 590, I concur in the opinion of Mr. Justice BIRD for reversal.