SZEKERES v. DETROIT MOTORBUS CO.

1. MOTOR VEHICLES—PEDESTRIAN HAS SAME RIGHT TO USE STREET AS AUTOMOBILE DRIVER.

Pedestrian has same right to use street as automobile driver, and each owes duty to other to use it with reasonable care.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Pedestrian, who did not cross street at intersection, but who ran from sidewalk between two parked automobiles without looking for approaching traffic and was struck by motor bus, was guilty of contributory negligence, barring recovery for injuries resulting in death.

3. SAME—SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE.

Where undisputed testimony shows that as soon as driver of motor bus saw pedestrian crossing street in front of him he used care to avoid accident, doctrine of subsequent negligence has no application.

Error to Wayne; Moll (Lester S.), J. Submitted June 11, 1930. (Docket No. 97, Calendar No. 35,062.) Decided October 28, 1930.

Case by Mary C. Szekeres, administratrix of the Estate of Louis Szekeres, against Detroit Motorbus Company, a Michigan corporation, for the negligent killing of plaintiff's decedent. From judgment for plaintiff, defendant brings error. Reversed.

*Frank B. Ferguson* (*R. Wendell Brown*, of counsel), for plaintiff.

*Vandeveer & Vandeveer*, for defendant.

POTTER, J. Plaintiff sues as administratrix of the estate of Louis Szekeres, 41 years of age, a blacksmith, who for seven years prior to his decease had been employed by the Ford Motor Company. Many

Reciprocal duty of operator of automobile and pedestrian to use care, see annotation in 51 L. R. A. (N. S.) 990.

On liability of operator of automobile where pedestrian is struck while crossing street at unusual place or diagonally, see annotation in 14 A. L. R. 1176; 67 A. L. R. 313.

important questions are raised by the assignments of error. It is unnecessary to discuss most of them. Plaintiff's decedent was killed in a street crossing accident. She alleges the negligence of the defendant and decedent's freedom from contributory negligence. When decedent was first observed by witnesses on the day of the accident he was on the sidewalk on the south side of Twelfth street in Brightmoor, now a part of the city of Detroit. He did not cross on the walk at the street intersection but ran from the sidewalk north between two automobiles parked on the gravel part of the street about 10 feet east of the walk on the west side of Carfrae street. He had the same right as defendant to use the street. Each owed a duty to the other to use the street with reasonable care. Decedent was bound to know the use of the street for passenger autobus traffic. When he was struck by defendant's bus it was being operated in the usual and ordinary way on the right side of the street and at a reasonable rate of speed. It had proper lights and was equipped with proper brakes. The testimony shows that as soon as the driver of the bus saw decedent, and that he was about to be injured, he applied the emergency brakes, locked the wheels of the bus so that they slid on the pavement, and the bus struck plaintiff's decedent and knocked him down. It is not shown the operator of the bus was negligent—the proof is undisputed that he used care to avoid the accident. It is not shown decedent looked to observe the oncoming buses from either way, notwithstanding such buses were lighted. He apparently took a chance on getting across by running, and was negligent in so doing.

Plaintiff's case was submitted to the jury on the general rules of negligence and contributory negli-

gence and upon the theory of defendant's subsequent negligence. Under the undisputed facts plaintiff's decedent was guilty of contributory negligence which bars her right of recovery. *Jones* v. *Florios,* 248 Mich. 153; *Halzle* v. *Hargreaves,* 233 Mich. 234; *Deal* v. *Snyder,* 203 Mich. 273; *Fulton* v. *Mohr,* 200 Mich. 538. The doctrine of subsequent negligence has no application to the undisputed facts. Judgment reversed, no new trial ordered.

BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, C. J., concurred in the result.