THOMPSON v. SOUTHERN MICHIGAN TRANSPORTATION CO.

1. EVIDENCE—PRESUMPTIONS.
   Presumptions are based on probabilities and human experience, observation, and reason, and thus are inferences from existence or nonexistence of facts.

2. MOTOR VEHICLES—PRESUMPTION OF DUE CARE—LACK OF MEMORY OF ACCIDENT—CONTRIBUTORY NEGLIGENCE.
   Presumption of due care on part of one injured in automobile collision to which there were no eyewitnesses does not obtain because of injured person's lack of memory of accident, where there was no showing that lack of memory was result of injuries complained of, and she is normal in general intelligence and memory.

3. SAME—NEGLIGENCE—DIRECTED VERDICT.
   It is negligence as matter of law to drive automobile along public highway in dark at such speed that it cannot be stopped within distance that objects can be seen ahead.

4. SAME—DRIVER BLINDED BY LIGHTS OF APPROACHING CAR.
   Automobile driver colliding with truck standing on highway is not excused because blinded or confused by lights of on-coming car.

5. SAME—CONTRIBUTORY NEGLIGENCE—FOGGY WEATHER—EYEWITNESSES—DIRECTED VERDICT.
   Automobile driver who collided with truck standing on highway on foggy morning was guilty of contributory negligence as matter of law, although there were no eyewitnesses to accident, and driver testified that she had no recollection of accident.

6. SAME—GREATER CAUTION REQUIRED OF DRIVER ON FOGGY DAY.
   Automobile driver is bound to use greater caution on foggy day, when visibility is poor, than otherwise would be necessary.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted October 26, 1932. (Docket No. 15, Calendar No. 36,637.) Decided January 3, 1933.

On speed of automobile as evidence of negligence, see annotation in 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993; 44 A. L. R. 1403; 58 A. L. R. 1493.

As to fact that driver of automobile is blinded by glare of light .as affecting liability for automobile accident, see annotation in 42 L. R. A. (N. S.) 876; 48 L. R. A. (N. S.) 827; 41 A. L. R. 1040; 62 A. L. R. 1531.

Case by Marion Thompson, by her guardian, against Southern Michigan Transportation Company, a corporation, for personal injuries received when she ran into rear end of defendant's truck standing on highway. Verdict and judgment for plaintiff. Reversed, and judgment ordered entered for defendant.

*Matthews, Hicks & Des Jardins,* for plaintiff.

*L. J. Carey, George J. Cooper,* and *Pulver & Bush,* for defendant.

Potter, J. Marion Thompson, who sued by her general guardian, was injured October 10, 1930, on State trunk line highway No. 21, west of Owosso, while driving westerly, in an Oakland coupe, on her way to Ovid, by running into the rear of one of defendant's trucks standing on the north side of the highway. The morning was foggy. Defendant claims its motor truck went wrong and the driver thereof was compelled to stop; that he hung a warning lantern and set a flare back of the truck and went to Owosso for help. The accident occurred after daylight, while the driver of the truck was gone. Plaintiff's automobile struck the truck and she was seriously injured. There was judgment for plaintiff of $3,000. There is no dispute as to the correctness of the charge of the trial court, assuming there was sufficient evidence to submit the case to the jury, and the amount of the damages recovered is not challenged. The question is whether the trial court should have directed a verdict against plaintiff. No one was in control of defendant's truck at the time the accident occurred. Plaintiff testifies she does not remember anything about the situation immediately preceding the accident. Plaintiff claims, there

being no eyewitnesses to the accident except herself, and her testimony indicating she has no recollection of the accident, the same presumption of due care arises as if the plaintiff had been killed.

In *Gillett* v. *Michigan United Traction Co.*, 205 Mich. 410, a similar question was raised. The court passed it with the suggestion it would present an interesting question, if the case were one where the presumption would have operated had plaintiff been killed.

There is a diversity of opinion among the courts of last resort. In the following cases of personal injury, the question was considered:

"Where there is no evidence of the fact, the presumption is against contributory negligence, even in the absence of any statute, like our own, making it a matter of affirmative defense." *Norton* v. *Railroad Co.*, 122 N. C. 910, 928 (29 S. E. 886).

In *Heaps* v. *Southern Pennsylvania Traction Co.*, 276 Pa. 551 (120 Atl. 548), it was said of plaintiff:

"In view of the fact that her mind was a blank as to the accident and all its incidents, with the natural instinct of love of life, the presumption is that she did all the law required her to do and was not guilty of contributory negligence."

In *Stotler* v. *Railway Co.*, 200 Mo. 107, 146 (98 S. W. 509), plaintiff was severely injured at a railroad crossing and testified that she could not remember the facts relating thereto. It was said:

"Being left by her injuries as though dead, and having no knowledge of the affair, she is entitled to certain presumptions in her favor, and those presumptions are that, in the absence of evidence to the contrary (because of the natural instinct of love of life), she did exercise due care."

And in *Tubb* v. *City of Seattle,* 136 Wash. 332 (239 Pac. 1009), it is said:

"The presumption is that the party injured was in the exercise of ordinary care, and this presumption is not overthrown by the mere fact of injury. * * *

"This presumption of due care always obtains in favor of a plaintiff in an action to recover damages for an injury sustained by him through the alleged negligence of another," quoting from *Buesching* v. *St. Louis Gaslight Co.,* 73 Mo. 219, 233 (39 Am. Rep. 503).

On the other hand,

"Because of the natural instinct of self-preservation which generally prompts men to exercise care and caution for their safety, there is ordinarily a presumption that due care and caution were observed in particular instances. But like other presumptions of fact arising from the ordinary or usual as distinguished from the invariable or universal conduct of normal men, this presumption may be rebutted." *Southern Express Co.* v. *Williamson,* 66 Fla. 286 (63 South. 433, L. R. A. 1916C, 1208).

"The law presumes that every person performs his duty; and this presumption continues until it is shown affirmatively that he does not or has not. Hence, wherever there is no evidence upon the subject, or where the evidence is equally balanced, this presumption in favor of the person in question requires that the findings of the court and jury should be that such person has performed his duty and is not guilty of any culpable negligence, contributory or otherwise." *St. Louis & San Francisco R. Co.* v. *Weaver,* 35 Kan. 412 (11 Pac. 408, 57 Am. Rep. 176).

In *Drago* v. *Railroad Co.,* 139 App. Div. 828 (124 N. Y. Supp. 374), plaintiff was struck by defendant's

cars. She testified she did not remember anything concerning the happening of the accident. There was no evidence indicating her loss of memory was due to the injury. It was said:

"The courts have gone a long way in holding that, where a plaintiff's intestate has been killed, thus rendering impossible the giving of testimony by such intestate, inferences may be indulged to the effect that such intestate was free from contributory negligence. But we know of no case where it has been held that the injured party may be excused from giving evidence tending to free such party from the charge of contributory negligence by simply saying that he or she cannot remember as to the circumstances or facts of the accident, without giving any evidence that such want of recollection was caused by the accident which is complained of."

Presumptions are based upon probabilities and human experience, observation, and reason. That a crow alighted on a particular tree every morning for two months affords a probability, amounting to a weak presumption, it will do so the following morning. It is the multiplicity of incidences and coincidences that affects our belief. That the sun has arisen in the east through all the centuries affords a probability, amounting to a strong presumption, it will continue to do so each day hereafter. Presumptions thus are inferences from the existence or nonexistence of facts. They have been said to be inferences, "which common sense, enlightened by human knowledge and experience, draws from the connection, relation, and coincidence of facts and circumstances with each other." 22 C. J. p. 82.

"Presumptions of fact result from the proof of a fact, or a number of facts and circumstances, which human experience has shown are usually associated

with the matter under investigation." *United States* v. *Searcey,* 26 Fed. 435.

"All presumptions, however, are liable to be contrary to the fact, but they attend us at every point in our examinations of facts, and it is impossible to dispense with them. They do not in general preclude the facts being brought forward to overthrow the presumptions, but they supply imperfections where the facts are not fully developed, and they determine in many cases which party shall take upon himself the burden of showing what are the facts bearing upon the point in controversy." *Hutchins* v. *Kimmell,* 31 Mich. 126 (18 Am. Rep. 164).

"A presumption of fact is an argument which infers a fact otherwise doubtful from a fact which is proved." *Fadden* v. *McKinney,* 87 Vt. 316 (89 Atl. 351).

"Presumptions of fact never obtain against positive proof, and are only introduced to supply the want of real facts." *Hill* v. *Chambers,* 30 Mich. 422.

"The office or effect of a true presumption is to cast upon the party against whom it works the duty of going forward with evidence. It has the force and effect of a *prima facie* case, and, temporarily at least, relieves the party in whose favor it arises from going forward with the evidence." 1 Elliott on Evidence, § 91.

See, also, *Baker* v. *Delano,* 191 Mich. 204.

Ordinary individuals cling to life, and will not voluntarily place themselves in a position where they are likely to lose it. This is, in many cases, said to be the basis of the presumption of due care, arising in cases of death without eyewitnesses.

Due care upon the part of an injured party cannot be said to be usually associated with a collision.

There is no general rule. Lack of memory is not usually associated with injuries resulting from the collision of vehicles upon the public highways. In this case the loss of plaintiff's memory is not shown to have been the result of the injuries complained of. Plaintiff apparently has no lack of intelligence, but is normal in her general intelligence and memory. This loss of memory is not so usually associated with accidents of this kind there can be said to be a general rule, and therefore no presumption of due care, which takes the place of evidence, when the party injured is apparently normal, was present in court, and intelligently testified on the trial. It is said hard cases make bad law. Should this court hold in this case the presumption of due care obtains, it would establish a rule, easily abused, and likely to lead to injustice.

It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed it cannot be stopped within the distance that objects can be seen ahead. *Spencer* v. *Taylor*, 219 Mich. 110; *Holsaple* v. *Superintendents of Poor of Menominee Co.*, 232 Mich. 603; *Bowmaster* v. *William H. DePree Co.*, 252 Mich. 505.

"No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead." 1 Comp. Laws 1929, § 4697.

It is not sufficient to take the case to the jury that the driver was confused or blinded by the lights of an on-coming car. If her vision was obscured by glaring lights of an approaching car, it was her duty to slacken her speed and have her car under such control as she might stop it immediately if necessary. *Budnick* v. *Peterson*, 215 Mich. 678; *Holsaple*

v. *Superintendents of Poor of Menominee Co.*, *supra; Lett* v. *Summerfield & Hecht,* 239 Mich. 699. It is not enough that a driver be able to begin to stop within the range of his vision or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range. *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528); *Haney* v. *Troost,* 242 Mich. 693. Stress is placed upon the atmospheric conditions existing at the time of the accident. These conditions have been held not to change the rule. *Budnick* v. *Peterson, supra; Haney* v. *Troost, supra; Lett* v. *Summerfield & Hecht, supra; Elrich* v. *Schwaderer,* 251 Mich. 33. It is plaintiff's claim, no one being able to testify as to what occurred immediately preceding the time of the accident, she is presumed to have been in the exercise of due care. It is plaintiff's theory the high box-car type of truck of defendant prevented plaintiff from seeing ahead until she turned out on the left-hand side of the pavement to pass the truck and get a view ahead; that a car was going east and passed the truck on the south side of the pavement; that it is a legitimate inference that having turned out to pass the truck and increasing her speed to get by as quickly as possible, this automobile coming from the west suddenly showed up in the fog; and plaintiff was, by this means, suddenly placed in a dangerous situation which required immediate decision. Should she turn into the ditch on the left and escape the oncoming automobile, or turn to the right and attempt to avoid this truck unlawfully parked without lights? It is the claim of plaintiff's attorneys she was thus

placed in a dangerous position by the negligence of defendant and was not guilty of contributory negligence as a matter of law, because she turned to pass the standing truck on the right-hand side to avoid being struck by the on-coming car. There is no proof this is what plaintiff did.

It was the duty of the plaintiff to have her car equipped with headlights so constructed, arranged, and adjusted, that they would, under normal atmospheric conditions, and on a level road, produce a driving light sufficient to render clearly discernible a person 200 feet ahead. 1 Comp. Laws 1929, § 4738. Plaintiff overtook and struck the rear end of another vehicle upon the highway, and, under the circumstances, would ordinarily be deemed guilty of contributory negligence. 1 Comp. Laws 1929, § 4788. The exception to this general rule is that the operator of a vehicle driving *with lights dimmed or depressed* as provided in 1 Comp. Laws 1929, § 4738, is not to be deemed guilty of contributory negligence in case such operator collides with a vehicle standing upon the traveled portion of the highway *without a tail light.* 1 Comp. Laws 1929, § 4738.* A person driving a motor vehicle on a highway is under obligations to drive the same at a careful and prudent speed, not greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing; and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. 1 Comp. Laws 1929, § 4697.

Plaintiff had no right to drive on the left side of the center of the highway in passing the truck,

---

* This section was amended by Act No. 59, Pub. Acts 1931, omitting the reference to vehicle without tail lights.

unless such left side was clearly visible and free from on-coming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety. 1 Comp. Laws 1929, § 4707. The fact it was after daylight, foggy, and visibility was poor, increased the burden upon the plaintiff to use greater caution than otherwise would have been necessary. *Budnick* v. *Peterson, supra; Lett* v. *Summerfield & Hecht, supra.* The dilapidated condition of plaintiff's car after the wreck was evidence of the force of the impact. *Elrich* v. *Schwaderer, supra; Boylon* v. *Reliable Cartage Co.,* 258 Mich. 5; *Angstman* v. *Wilson,* 258 Mich. 195 (31 N. C. C. A. 1). We think this case is within the rule of *Elrich* v. *Schwaderer, supra,* where it was said:

"The question whether decedent was guilty of contributory negligence or not, in driving along the road under the conditions, at the rate indicated by the force of the impact, and in not slowing his car when the concrete mixer came within range of his lights, and avoiding the collision, has been before this court so frequently that it is unnecessary to repeat what has been said in the following cases: *Spencer* v. *Taylor,* 219 Mich. 110; *Holsaple* v. *Superintendents of Poor of Menominee Co.,* 232 Mich. 603; *Lett* v. *Summerfield & Hecht,* 239 Mich. 699; *Haney* v. *Troost,* 242 Mich. 693; *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528); *Bielecki* v. *United Trucking Service,* 247 Mich. 661. In the aforesaid cases the accident happened under somewhat similar circumstances, and we held there was contributory negligence as a matter of law."

Judgment reversed, with costs. Cause remanded for entry of judgment for defendant.

McDonald, C. J., and Clark, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.