IDA HERMANN *vs.* RHODE ISLAND COMPANY.

OTTO HERMANN *vs.* RHODE ISLAND COMPANY.

JUNE 25, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Carriers.  Negligence.  Contributory Negligence.*

Where plaintiff was riding as a guest in an automobile having no control over the driver, in case of an accident caused by the negligence of a third person, the contributory negligence of the driver cannot be imputed to plaintiff. It would be the duty of plaintiff under such circumstances to use reasonable care for his own safety and whether he exercised such degree of care is primarily a question for the jury, and it cannot be said as a matter of law that plaintiff was guilty of negligence because he did nothing, nor where the situation of danger came unexpectedly would a court be justified in setting aside the finding of the jury that plaintiff was not guilty of contributory negligence, because he failed to tell the driver to stop or to caution him, nor because he failed to leave the machine, where under the evidence such act in all probability would have placed him in greater danger.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiffs and sustained.

SWEETLAND, J.   Each of the above entitled cases is an action of trespass on the case to recover damages alleged to have been sustained by reason of the negligence of the defendant's servants.   Said cases were tried together before a justice of the Superior Court sitting with a jury.   At said trial a verdict was rendered for the plaintiff, Ida Hermann, in the sum of four thousand dollars; and for the plaintiff, Otto Hermann, in the sum of five hundred dollars.   In each case the justice presiding at the trial granted the defendant's motion for a new trial.   The cases are before us upon the plaintiff's exceptions to the action of the justice in granting the motions for a new trial.

It appears from the transcript of evidence that on June 29th, 1911, at about 8:30 p. m., the plaintiffs, who are husband and wife, were riding, as guests, in an automobile at that time owned and driven by one Carl Berghmann; that they had no authority or control over said Berghmann in regard to the operation of said automobile; that Mrs. Hermann was sitting on the front seat at the left of the driver and Mr. Hermann was sitting behind, in a single seat, called a rumble seat; that the automobile turned from Hewes street into North Main street, in the city of Providence, where the defendant operates its electric cars upon a single track, located on the westerly side of North Main street, the nearest rail being about nine feet from the westerly curbstone of said street; that in rounding the southwesterly corner of Hewes and North Main streets the left forward wheel of the automobile ran between the rails of the car track, and before the automobile was clear of the track, on the westerly side of North Main street, the automobile was struck in front by one of the defendant's cars approaching from the south.   As a result of this collision Mrs. Hermann claims that she suffered very severe physical injury upon which she bases her suit.   Mr. Hermann claims that he was personally injured in the collision; he also seeks damages for loss of his wife's

services due to her injuries received in the collision, and to recover for the money expended by him in medical attendance, nursing and care of his wife, made necessary by said injuries.

The negligence of defendant alleged is that its motorman operated said cars in a careless manner, and at an excessive and dangerous rate of speed. According to the testimony of witnesses for the plaintiff, at the time said automobile had turned into North Main street, was proceeding in a general southerly direction, and was within the range of sight of the defendant's motorman, the defendant's car was so great a distance away, that, if said car had been proceeding at a proper rate of speed, not exceeding the rate permitted by the ordinance of the city of Providence, the driver of the automobile would have been able to turn his machine out of said car track and the collision would not have taken place. Said witnesses testified that the defendant's car was travelling at a very high rate of speed, far in excess of that prescribed by the ordinance; and further that there was ample space and opportunity, after the automobile had come into North Main street, for the defendant's motorman if he had been travelling at a rate of speed, which would have been reasonable in the circumstances, to have checked the progress of his car and have prevented the accident. The plaintiffs claim that the driver of the automobile was justified in assuming that said motorman would proceed at a reasonable and legal rate of speed, and would so manage and control his car that it would not strike the automobile; and further that the driver of the automobile, acting on that assumption, was justified in driving upon the car track. The testimony of the plaintiff's witnesses as to the excessive speed of defendant's car and as to the distance between the two vehicles was contradicted by the testimony of witnesses for the defendant. The evidence presented a fair question for the jury as to the negligence of the defendant. There was sufficient testimony to warrant the jury in finding that the defendant's motorman was negligent in the manner in which he operated said car.

In the language of his decision upon the motions for new trial, the justice of the Superior Court does not object to the jury's verdicts because of lack of proof of defendant's negligence; he bases his determination that there should be new trials on the ground of contributory negligence in each of the plaintiffs. In his decision upon each motion for a new trial said justice finds that the driver of the automobile was negligent in driving upon said track; that it then became the duty of each of the plaintiffs to do something to save himself from injury; that neither of the plaintiffs told the automobile driver to stop and did not caution him; that each of the plaintiffs might have stepped from the automobile to the ground; that by failing to do something for his own protection each of the plaintiffs was guilty of contributory negligence.

(1) This raises the questions as to whether the negligence of Berghmann, if he was negligent, should be imputed to the plaintiffs; and what is the duty of a person riding as these plaintiffs were as a guest or a passenger in a vehicle operated by another over whom such guest or passenger has no authority or control, in case of an accident caused by the negligence of a third person, to which accident the negligence of the operator of the vehicle contributed. In accordance with both reason and the weight of authority any negligence on the part of Berghmann which may have contributed to bring about the collision cannot be imputed to either of these plaintiffs, between whom and Berghmann no relation of master and servant, principal and agent, or participators in a common enterprise existed in fact or should be implied in law. It is the duty of such guest or passenger, in circumstances similar to the one under consideration, to use reasonable care for his own safety. Whether he has exercised such a degree of care is primarily a question for the jury. It cannot be said as a matter of law that such guest or passenger is guilty of negligence because he has done nothing. In many such cases the highest degree of caution may consist of inaction. In situations of great and sudden peril meddlesome inter-

ference with those having control, either by physical act or by disturbing suggestions and needless warnings may be exceedingly disastrous in its result. While it is true that it is the duty of such guest or passenger not to submit himself and his safety solely to the prudence of the driver of the vehicle, and that he must himself use reasonable care for his own safety, nevertheless he should not in every case be held guilty of contributory negligence merely because he has done nothing. If there be threatened danger which is known to the passenger and unobserved by the driver the passenger would be guilty of negligence if he failed to notify and warn the driver; also if the driver be careless or reckless in his conduct and this is known to the passenger and there be reasonable opportunity to do so, it would be the passenger's duty to caution the driver and remonstrate with him and if he persisted in his improper conduct to leave the vehicle; but manifestly that would not be possible nor could it be required in every case. The testimony discloses no circumstance which should have caused these plaintiffs to question the skill or the prudence of Berghmann before the accident. The situation of known peril, just before the collision, came upon all the occupants of the automobile quickly and unexpectedly. It cannot be said positively that it then became the duty of Ida Hermann to tell Berghmann to stop or to caution him, or that such action on the part of Otto Hermann was possible, or if possible would not have been distracting to Berghmann and have added to the danger. In our opinion a court would not be justified in setting aside the finding of a jury that these plaintiffs were not guilty of contributory negligence in failing to tell Berghmann to stop or in failing to caution him.

Neither does it appear to us that the jury's verdict should be set aside because these plaintiffs failed to step or jump from the automobile just before Berghmann drove onto the track or at the time his left front wheel was in the track. To step or jump from a moving automobile, especially for a woman to do so, is an act fraught with danger and would

not be attempted by a prudent person without careful consideration and as last resort for safety. If these plaintiffs had conceived such a purpose, before they could have executed it the machine would have been partly in the car track and Mrs. Hermann surely would have placed herself in a postition of great danger, apparently in a place of greater danger than before; she would have been upon the ground between the car rails, with the possibility of falling, immediately in the path of the electric car, which was instantly upon them and which pushed the automobile, according to the testimony of some witnesses, with great force for a considerable distance. · In the case of Mr. Hermann also, there is a strong probability that before he could have stepped· or jumped from the automobile and reached a place of safety he would have found himself in danger, greater than threatened him while he was seated in the rear of the automobile, and very likely he would have suffered much more serious injury than happened to him in that position.

We think the justice of the Superior Court erred in his view of the law applicable to these cases, in his conclusion as to the duty of the plaintiffs in the circumstances, and in his determination that they were each guilty of contributory negligence because they did not attempt to interfere with Berghmann or to control his management of the automobile and because they took no action, however futile and inefficient it might have been, in an effort to save themselves from injury.

In the carefully considered case of *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, the essential facts were much like those of the cases at bar; the court said: "What degree of care she (the plaintiff) should have exercised, in accepting the invitation to ride, or in observing and calling to the attention of the driver perils unnoticed by him, depends upon the circumstances at the time of the injury. On the other hand, she would be permitted to recover if, in entering and continuing in the conveyance, she acted with reasonable caution, and had no ground to suspect incompetency and no

cause to anticipate negligence on the part of the driver, and if the impending danger, although in part, produced by the driver, was so sudden or of such a character as not to permit or require her to do any act for her own protection."

The question of damages was peculiarly one for the jury. In the case of Mrs. Hermann, the plaintiff suffered very serious injury. After a consideration of all the testimony we are unable to say that the damages were so clearly excessive that the verdict should be set aside on that ground. In the case of Mr. Hermann, the plaintiff was entitled to recover for his own injury, for the loss of the services of his wife and for the considerable sum which he was obliged to expend on her account. We think that the damages in his case are clearly not excessive.

In each case, the plaintiff's exception to the decision granting a new trial is sustained. Each case is remitted to the Superior Court with direction to enter judgment on the verdict.

*John W. Hogan, Philip S. Knauer, Richard W. Jennings, Jeremiah E. O'Connell,* for plaintiffs.

*Joseph C. Sweeney, Eugene J. Phillips, Clifford Whipple,* for defendant.