## C. CRANE & CO., A PARTNERSHIP, *v.* WORKS.

*Negligence—Violation of speed regulation by automobile—Accident in "business or closely built-up portion" of city—Charge to jury supported by evidence—Violation of statute as negligence per se.*

1. In an action for personal injuries alleged to be due to the negligent operation of a motor truck in the city of Cincinnati, it is not error for the court to charge the jury that the accident in question occurred in the "business or closely built-up portion" of the city, within the meaning of the statute regulating speed, even though no evidence is offered at the trial as to the number or character of the buildings in the locality in question, where there is evidence that the accident occurred at a railroad station, that there were at least two places where people were accustomed to cross the street, and that there were a line of taxi cabs in that location and a number and variety of vehicles and pedestrians using the street.

2. In such an action it is not error for the court to charge the jury that if they should find that the automobile was driven at a speed in excess of fifteen miles an hour in that location it would constitute a violation of the statute and be negligence as a matter of law.

(Decided June 25, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Stephens, Lincoln & Stephens,* for plaintiff in error.

*Messrs. Stern & Shrader,* for defendant in error.

CUSHING, J. C. Crane & Company prosecute this action to reverse the judgment of the Superior

[1] Motor Vehicles, 28 Cyc. p. 49; [2] Id., 28 Cyc. pp. 37, 49.

Court of Cincinnati, wherein Frank Works recovered from that company $350 for personal injuries, claimed to have been caused by the negligence of one of the drivers of the Crane company.

On July 7, 1921, Works and Alonzo Gaines, both porters on Pullman cars, were leaving the Pennsylvania Railroad Passenger Station, at Pearl and Butler streets in Cincinnati. The record discloses that Works and Gaines arrived in Cincinnati on their respective cars, and, after performing the duties required of them with reference to the cars, came to the station for the purpose of going to their respective homes. At the Pearl street entrance of the station, they saw a car of the Cincinnati Traction Company, at the crossing some 75 or 100 feet west of where they were. They attempted to reach the car before it started, and ran from the platform of the station, which was about three steps above the sidewalk, to the sidewalk, and it is claimed that Works left the sidewalk, passed east of a taxicab that had just driven up to the station, and, while running across the street, was struck by a small truck owned by the defendant, and injured.

It is claimed that the company was negligent in that its driver was operating the truck at a speed greater than was reasonable and proper at that particular location, and that the driver of the truck swerved it to the left and north, thus colliding with Works.

The defendant claims that Works was negligent, in that he ran from the station to the center of the street, without using ordinary care for his own safety.

It is sought to reverse the judgment of the court below on two grounds:

First: Error in the charge of the court.

Second: That the verdict and judgment are against the weight of the evidence.

The portion of the court's charge complained of is the following:

"With respect to the allegation as to the truck being operated too fast, the law of Ohio provides that a motor vehicle must be operated on the public streets at a speed no greater than is reasonable or proper having regard for the width, traffic, use, and the general and usual rules of the road or so as to endanger property, life or limb, and then further provides that a rate of speed greater than fifteen miles an hour in the business or closely built up portions of a municipality shall be presumptive evidence of a rate of speed greater than is reasonable or proper. I take it that there can be no question in this case that the collision complained of here occurred in the business or closely built up portion of the city of Cincinnati: Therefore the reference to fifteen miles an hour which is used in the statute of Ohio, that I have just read the substance of to you, is applicable in this case; and you must determine from the evidence whether or not the speed at which the defendant's automobile was operated in this case, was a violation of the language of the statute to which I have just directed your attention. If you find that this automobile was driven at such a speed as to constitute a violation of the statute, then the conduct of the driver would be negligent as a matter of law, and if such negligence was a direct and proximate cause of this

collision, plaintiff would be entitled to recover, provided he was not negligent. On the other hand if you find that the driver of this automobile did not operate the same in such a manner as to constitute a violation of the statute law of the state which I have referred you to, then there would be no negligence as a matter of law and the plaintiff must prove by a preponderance of the evidence that the conduct of the driver of the automobile was not the conduct of an ordinarily careful and prudent driver, under the same or similar circumstances."

Special emphasis is to be placed on this part of the language quoted:

"I take it that there can be no question in this case that the collision complained of here occurred in the business or closely built up portion of the city of Cincinnati: Therefore the reference to fifteen miles an hour which is used in the statute of Ohio, that I have just read the substance of to you, is applicable in this case; and you must determine from the evidence whether or not the speed at which the defendant automobile was operated in this case, was a violation of the language of the statute to which I have just directed your attention."

There was no evidence offered at the trial as to the number of buildings, or their character, in the location in question. There was evidence that the accident occurred at a railroad station, and that there were at least two places where people were accustomed to cross the street. Mr. Reilly, a police officer, testified that the street car stop had been changed from the intersection of Pearl and Butler streets to the Pearl street entrance of the sta-

tion. There was evidence showing that there was a line of taxicabs in that location; also that there was a barbershop across the street and persons in front of it.

Counsel for plaintiff in error maintain that there was no evidence to establish that the accident occurred in what the court defined to be a business or closely built up portion of the city of Cincinnati. In view of the evidence as to the number of taxicabs, the location of the railroad station, the number of people using the street, and the number of vehicles on the street in that vicinity, this contention is not tenable.

Counsel complain of that part of the charge wherein the court stated that if the jury should find that the automobile was driven at a speed in excess of fifteen miles an hour in that location it would constitute a violation of the statute and be negligence as a matter of law.

Section 12603, General Code, provides that a speed greater than fifteen miles an hour in the business and closely built up portions of a municipality is presumptive evidence of a speed that is greater than is reasonable and proper. This brings the case within the rule laid down in *Schell* v. *DuBois, Admr.*, 94 Ohio St., 93.

The other ground of error is that the verdict is contrary to the weight of the evidence.

The testimony is conflicting. Some evidence tended to establish that the truck was being operated in low speed, at four or five miles an hour. Other witnesses testified that the speed was greatly in excess of that rate. It was a question for the jury to say at what speed the truck was traveling.

Counsel emphasize the fact that numerous witnesses testified that Works ran from the platform of the station to the edge of the sidewalk, and from there into the street, without looking to see whether any vehicle was approaching.

It is also claimed that the physical fact that Works ran in front of the machine and was struck in such a manner as to throw him to the left of the truck, and toward the north side of the street, was evidence that he was running, and that his speed, together with the impact of the car, caused him to be thrown in the direction indicated.

These were questions for the jury, and, while we might be inclined to reach a conclusion different from that of the trial court and the jury, they had the advantage of seeing the witnesses, and receiving the direct impressions.

In this view of the case our conclusion is that the verdict is not manifestly against the weight of the evidence, and that the charge of the court, complained of, is not prejudicial error.

*Judgment affirmed.*

BUCHWALTER and HAMILTON, JJ., concur.