SLEE *v.* NELLER.

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EVIDENCE—DIRECTED VERDICT.

   A passenger sitting in the seat with the driver of a truck was not guilty of contributory negligence, as a matter of law, because he did not warn the driver of the approach of a street car with which he collided at a street intersection or remonstrate with him as to the speed of the truck, where the car was in plain sight of both of them and could have been avoided by turning the truck to the right without violating any statute or traffic rule.

2. SAME—MASTER AND SERVANT—LIABILITY OF MASTER FOR NEGLIGENCE OF SERVANT.

   Where the driver of a truck was sent by his employer to haul some crates for another, and it was understood that another man would be needed in the work, who was to be furnished by the owner of the crates, the driver was not acting outside the scope of his employment in allowing said helper to ride with him on the return trip so as to relieve the employer of liability for the driver's negligence, notwithstanding he had been instructed by his employer to allow no one to ride with him on the truck.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 23, 1924. (Docket No. 117.) Decided March 5, 1924.

Case by Joseph A. Slee, administrator of the estate of Isaac H. Slee, deceased, against Bert E. Neller and another for the negligent killing of plaintiff's intestate. Judgment for plaintiff. Defendants bring error. Affirmed.

On liability of master for injury to one whom servant, in violation of instructions, permits to ride in vehicle, see note in 14 A. L. R. 145.

On liability of master for injury to person riding with servant by latter's invitation or permission, see note in L. R. A. 1917F, 425.

*Jason E. Nichols* and *Hayden & Ballard,* for appellants.

*Frank L. Dodge* and *L. B. Gardner,* for appellee.

SHARPE, J.    Defendant Neller is the owner of a Ford one-ton motor truck.    The defendant Jewell was employed by him to drive the truck.    On April 13, 1922, Jewell drove the truck to the premises of Percy F. Dunphy, in East Lansing, for the purpose of hauling some chickens in crates to the premises of plaintiff's decedent, Isaac H. Slee, on north Logan street, in Lansing.    Slee was at that time doing some carpenter work for Dunphy.    When Jewell arrived, Slee "dropped his tools," assisted in loading the crates, and accompanied Jewell to aid in unloading.    After this was accomplished, Slee got into the seat with Jewell.    On the return, Jewell drove east on Saginaw street, intending to cross Washington avenue and proceed thence to East Lansing.    The truck collided with a street car going north, and Slee was thrown from it and received injuries from which he died the second day thereafter.    Plaintiff as administrator brought this action against both Jewell and Neller to recover the damages sustained by his estate, caused by his death.    He had verdict for $4,877.50.    The defendants review the judgment entered thereon by writ of error.

The assignments relate to the denial of defendants' motion for a directed verdict and to the charge of the court.    But two questions are discussed by counsel.

1. It is insisted that plaintiff's intestate was guilty of contributory negligence as a matter of law.    The undisputed testimony clearly shows that Jewell's view as he approached Washington avenue was unobstructed for a distance of a block to the north and almost a block to the south.    The street car was running on time and at from 15 to 18 miles per hour.    Jewell admits that he saw the car when he was about 15

feet from the intersection, or about 30 feet from the railway track. He testified that he was then driving at the rate of about 15 miles an hour. That he was guilty of negligence in not avoiding the collision is conceded. The claimed negligence of the deceased is thus stated by defendants' counsel in their brief:

"He was riding in the only seat in the truck on the side next to the approaching street car, and his knowledge of the city and opportunity for observation was better than that of the driver, defendant Jewell. He gave no warning to Jewell. He did not remonstrate against the speed of the truck. He said nothing."

The trial court submitted the question of contributory negligence to the jury in instructions of which no complaint is made. That, by the exercise of ordinary care, Jewell could have avoided the collision is clearly apparent. If unable to stop the truck before reaching the car track, there was nothing to prevent him, when he reached the intersection, from turning to the right. He would have violated no statute or traffic rule in doing so. No obligation rested on deceased to advise him to do this. While it is the duty of a passenger to warn the driver of a danger which he sees, or, in the exercise of ordinary care, should see, it is apparent here that the approach of the street car was observed by Jewell in plenty of time to avoid the collision. That advice or suggestions to drivers by passengers in cases of emergency are more apt to confuse than to help is a matter of common knowledge. There was no proof to justify a peremptory instruction that deceased was guilty of contributory negligence as a matter of law.

2. Defendant Neller testified that he had instructed Jewell not to permit any person to ride with him on the truck. In this he was corroborated by Jewell. Neller insists that Jewell had no right to permit the deceased to ride on the truck on the return trip, and that he is therefore relieved of liability. He relies

on *Schulwitz* v. *Delta Lumber Co.*, 126 Mich. 559; *Mahler* v. *Stott*, 129 Mich. 614; *Rolfe* v. *Hewitt*, 227 N. Y. 486 (125 N. E. 804, 14 A. L. R. 125), in support of this contention. The undisputed proof, however, shows that Slee was doing carpenter work for Dunphy when Jewell came to get the crates. It required two men to handle them. Dunphy testified that he engaged the truck from Neller to remove the chicken crates and also some lumber. This would have necessitated Jewell's returning with the truck to Dunphy's place. This was disputed by Neller. He admits, however, that he expected Jewell "to do whatever he was called upon to do." Jewell testified that Neller said: "There was some work over there to do and I should go over and do it." It also appears that Slee was interrupted in his work to assist Jewell in handling the crates. It was his duty to return to such work when the crates had been unloaded. In permitting him to ride on the return trip, it cannot be said that Jewell was acting without the scope of his employment. It was but the natural and ordinary thing for him to do and his doing so must be held to have been anticipated by Neller. Under the contract between Dunphy and Neller, it was Dunphy's duty to furnish help to load and unload the crates. Were they to have been taken to a place outside the city, it is clear that the helper would have had the right to return to the city on the truck. The crates were conveyed several miles. It was clearly within the scope of Jewell's employment to permit the deceased to ride with him on the truck to East Lansing on the return trip. The instruction given was more favorable than the defendant Neller was entitled to.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.