No. ——

First Circuit Appeal

———

E. M. HAZZARD v. J. A. EDWARDS

———

(May 5, 1925, Opinion and Decree)
(June 30, 1925, Rehearing Refused)

———

(*Syllabus by the Editor.*)

1. Louisiana Digest—Automobiles—Par. 4.
Where plaintiff is driving an automobile at a moderate rate of speed on the right side of the road when another car, being driven at an excessive rate of speed, swerves from the right side of the road and hits plaintiff's car, damaging it, the defendant is negligent and liable for the damage done.

2. Louisiana Digest—Automobiles—Par. 4, 4 (d).
Where defendant's car was being driven at an excessive rate of speed and negligently by a boy under 16 years of age, when the accident happened, defendant is liable for the resultant damage.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Calcasieu. Hon. Jerry Cline, Judge.

This is a suit for damages caused by an automobile collision.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Robert R. Stone, of Lake Charles, attorney for plaintiff, appellant.

T. A. Edwards, of Lake Charles, attorney for defendant, appellee.

LECHE, J.   Plaintiff appeals from a judgment refusing his demand for damages claimed to have been suffered as a result of an automobile collision. The judgment of the District Court is based upon the verdict of a jury whose members were polled as nine to three in favor of defendant.

The facts are: That plaintiff was driving a new Buick automobile on a public road leading south out of Lake Charles and the minor son of defendant was driving a Studebaker automobile on the same road, but was going north or in an opposite direction and towards that city. Each of the parties was following a track in accordance with the law of the road, on their respective right side, when as the two automobiles were at a distance approximated as seventy feet, the Studebaker was suddenly swerved from its path, turned at an angle to the left and struck the Buick on its left front end with great force. The roadway where the collision took place is estimated as being 60 feet in width and is admitted to have been very rough and full of holes at the time. Both machines were damaged and their occupants were shocked and more or less injured by the impact.

The question in the case is what caused defendant's automobile to make the sudden turn and whether that cause arose from the negligence of defendant's minor son who was at the time driving the automobile.

The precise cause for the sudden swerve of the Studebaker is not established with absolute precision and is more or less a matter of deduction from the surrounding facts and circumstances. The only logical deduction, however, that can be drawn from these facts and circumstances is that the machine was being driven in a careless and reckless manner. If the turning of the Studebaker arose from some cause beyond the defendant's control, the burden was upon him to show that fact. This he has failed to do. The breaking of a radius rod as a cause for the crooked course pursued by the defendant's machine is not shown with any degree of certainty; it rests more on supposition than upon direct evidence, and the great probability and reasonable supposition is that the breaking was caused by the impact against the Buick.

Our conclusions of fact from all the testimony in the case are: That plaintiff was driving at the very reasonable speed of about 15 miles per hour and on that part of the highway which he had the right to occupy. That the Studebaker came against him so suddenly and with such rapidity that he could neither stop nor do anything to prevent the collision. That the defendant's son was driving at great speed admittedly about or over 30 miles an hour, upon a road that was so rough and undulated that his machine skidded and got beyond his control. That driving at such a speed upon that kind of a road was negligence. The boy was under 16 years of age, and while, no doubt, he is bright and understands the use of the controls of a car, that it was a lack of judgment on his part amounting to sheer negligence that caused the accident.

As soon as the collision had occurred and the occupants of the two machines had gotten out, a very significant remark was made by defendant's son, on the spur of the moment and forming as it were part of the *res gestae*, to the effect that he was a d—— fool for driving like that.

Our firm conviction is that defendant's son was at fault and that defendant is liable for the damage caused to plaintiff's automobile.

We have not the advantage of an estimate of that damage by the trial court, but our opinion is that the repairs to plaintiff's machine are proved in the sum of $432.42 and that plaintiff's further claim for $250.00, diminished value of his Buick as a result of the collision, is not sustained by sufficient proof.

For these reasons the judgment appealed from is avoided and reversed, and it is now ordered that plaintiff recover of defendant and have judgment against him in the sum of four hundred and thirty-two and 42-100 dollars and all costs of this suit.