LENA CODNER, Appellee, v. E. W. STOWE, Appellant.

NEGLIGENCE: Actions—Instructions — Requiring Excessive Proof.
1   An instruction is erroneous when it requires negligence to be established "in the *respects* charged in the petition," and the negligence so charged is (1) excessive speed, (2) excessive speed after warning, and (3) excessive speed while traveling on loose gravel. (See Book of Anno., Vol. 1, Sec. 11181, Anno. 1 *et seq.*; Sec. 11493, Anno. 340 *et seq.*)

MOTOR VEHICLES: Operation—Unlawful Speed—Negligence Per Se.
2   Operating an automobile upon the public highway at a speed prohibited by law constitutes negligence *per se*, and error results from instructing that such operation creates a *presumption* of negligence. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 343.)

NEGLIGENCE: Instructions—Invading Province of Jury. The court
3   must not instruct that a mere guest in an automobile (under duty, of course, to exercise reasonable and ordinary care) will be guilty of negligence if he fails to do some *particular* thing, e. g., attempt in some manner to check the speed of the car. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 14 *et seq.*)

Headnote 1:  28 Cyc. p. 49.  Headnote 2:  28 Cyc. pp. 37, 49.  Headnote 3:  28 Cyc. pp. 38, 49.

*Appeal from Wright District Court.*—SHERWOOD A. CLOCK, Judge.

APRIL 6, 1926.

ACTION for personal injuries received by plaintiff while riding as an invited guest in an automobile driven by defendant, and alleged to have been caused by defendant's negligence. There was a verdict for the defendant, which the court, on motion of plaintiff, set aside. From the order setting aside the verdict and granting a new trial, the defendant appeals.— *Affirmed.*

*Crissman & Linville* and *Nagle & Hill,* for appellant.

*Price, Burnquist & McCall,* for appellee.

VERMILION, J.—The plaintiff and appellee sued to recover damages caused by personal injuries received while riding in an automobile owned and driven by the defendant. Upon a trial to a jury, there was a verdict for the defendant. The court sustained a motion by the plaintiff for a new trial, and set the verdict aside. The defendant appeals from this ruling.

The motion for a new trial was based upon alleged error of the trial court in giving three designated instructions, and on the ground that the verdict was contrary to law. The motion was sustained generally.

I. It is undisputed that appellee's injuries were caused when the car in which she was riding as a guest, and upon the invitation of appellant, went into a ditch on the left-hand side of the road. The court instructed that the acts of negligence relied upon by the appellee were: (1) That, prior to the moment of the accident, the defendant was driving said car at an excessive rate of speed. (2) That, notwithstanding the warning given by the passengers in the automobile, defendant drove said car at a high and excessive rate of speed. (3) That the defendant drove said car at said high and dangerous rate of speed upon loose gravel; that the car skidded, and defendant lost con-

1. NEGLIGENCE: actions: instructions: requiring excessive proof.

trol thereof. This appears to be accepted by both parties as an accurate statement of the negligence charged in the petition.

In the next instruction, the court charged that, to entitle plaintiff to recover, she must establish by a preponderance of the evidence that the defendant was negligent "in the respects charged in the petition."

The objection to this instruction is not, as we understand it, so much to the reference to the petition to ascertain the negligence charged, as that it required a finding of negligence in all the respects mentioned in the preceding instruction, to warrant a recovery, instead of in but one or more of them. Appellant seeks to sustain the instruction by the argument that there was but one act of negligence charged, and that was excessive speed. This is true; and, had the instruction merely required the plaintiff to establish that the car was being driven at an excessive rate of speed, and a causal connection between such excessive speed and the injury, it would not have been open to the objection made. But the petition alleged, as stated in the preceding instruction, excessive speed under different circumstances,—that is, just prior to the accident, in disregard of warnings of the other persons in the car, and upon loose gravel; and the instruction required that plaintiff, to be entitled to recover, must establish, not merely excessive speed, but excessive speed under all of these circumstances. The plaintiff was under no such burden.

It is clear that, if the car was being driven at an excessive speed just before it went into the ditch, and a causal connection between the rate of speed and the ultimate ditching of the car and injury to appellee appeared, actionable negligence would be shown although the speed had been reduced at the instant the car left the road, and although there was no loose gravel and no warnings from the passengers. So, too, if the car was driven at excessive speed upon loose gravel and thereby was caused to leave the road, with the result that appellee was injured, this would constitute negligence, without regard to the speed an instant before, or without regard to previous warnings. The instruction was erroneous, and prejudicial to plaintiff.

II. The court instructed that, if it was found that the defendant was driving at a rate of speed in excess of 30 miles

per hour, the presumption would be that he was negligent in
so doing. The statute in force at the time, Sec-
tion 27 of Chapter 275, Acts of the Thirty-
eighth General Assembly (Section 5029, Code of
1924), provided that no person should in any
event drive a motor vehicle equipped with such tires and carry-
ing such load as appellant's car, at a greater rate of speed than
30 miles per hour. This was a positive statutory prohibition
of a speed greater than 30 miles per hour, and a violation was
made a misdemeanor. Section 29,. Chapter 275, supra (Section
5089, Code of 1924). A speed in excess of the rate permitted by
statute was negligence *per se*, not merely prima-facie negli-
gence. *Ives v. Welden,* 114 Iowa 476; *Hubbard v. Bartholomew,*
163 Iowa 58; *Hough v. Illinois Cent. R. Co.,* 169 Iowa 224;
*Burk v. Creamery Pkg. Mfg. Co.,* 126 Iowa 730; *Girl v. United*
*States R. Adm.,* 194 Iowa 1382; *Faatz v. Sullivan,* 199 Iowa
875; *Carlson v. Meusberger,* 200 Iowa 65.

*2. Motor ve-*
*hicles: opera-*
*tion: unlawful*
*speed: negli-*
*gence per se.*

The recognized distinction between those violations of a
statute that are negligence *per se* and those that are merely
prima-facie negligence was pointed out in the *Carlson* case,
supra. A violation of a statute prohibiting "in any event" a
speed in excess of a certain rate comes clearly within the for-
mer. The distinction is in this case emphasized by the fact
that the former statute made a speed in excess of that then fixed
in the statute merely presumptive evidence of negligence. *Fisher*
*v. Ellston,* 174 Iowa 364. The instruction in question announced
a rule that had been abrogated by statute, and it was clearly
erroneous.

III. The third instruction assailed by the motion for a new
trial related to the subject of contributory negligence. The
court instructed, in substance, that the plaintiff was required
to exercise the same care as an ordinarily pru-
dent person would exercise under like circum-
stances; and that, although she had a right,
within reasonable limits, to rely upon the skill and judgment
of the driver, she had no right to rely implicitly upon his care
and prudence, and, if he was driving at a high and dangerous
rate of speed and she knew and realized it, or as a reasonably
prudent and careful person should have so known and realized,

*3. Negligence:*
*instructions: in-*
*vading prov-*
*ince of jury.*

it was her duty to attempt to have him check the speed to a safe rate; and that, if it was found by a preponderance of the evidence that the car was being driven at a high and dangerous rate of speed, "and the plaintiff, knowing and appreciating that fact, or as a reasonably prudent and careful person should have known it, made no effort to have said speed diminished," and such failure contributed directly to the accident and her injury, she could not recover.

There was testimony that the other occupants of the car had, before the accident, read the speedometer aloud and commented on the speed, and that plaintiff had complained about the speed. The defendant testified that he heard neither comments nor complaint. In view of this testimony, the instruction was misleading, even though a correct statement of the law. Under the rule given in the instruction, that it was the duty of the plaintiff, under the circumstances stated therein, to have protested, it was clearly a question for the jury whether she did so, and whether what she did, if anything, was sufficient to relieve her of contributory negligence.

But it is urged that the instruction is erroneous in that it invaded the province of the jury, in saying that, if the plaintiff knew and appreciated that the car was being driven at a high and dangerous rate of speed, or in the exercise of ordinary care ought to have so known, it was her duty to have attempted to have the driver check the speed, and that, if she made no effort to have the speed reduced, she was guilty of contributory negligence. The precise point is that, it is said, the court could properly instruct that she was, in such circumstances, bound to exercise ordinary care, but not that she was bound to do a certain thing or take a particular precaution.

While all authorities agree that a guest riding in an automobile is bound to exercise ordinary care for his own safety, there is a marked lack of agreement as to what the exercise of ordinary care requires of him with respect to his duty when he knows, or in the exercise of due care ought to know, that the driver is proceeding negligently, either in the matter of speed or in the face of a danger arising from some other cause. Some courts hold that, if the guest knows, or in the exercise of due care ought to know, of the excessive speed or other negligence

of the driver, it is his duty to protest to or warn the driver, and that, if he fails to do so, he acquiesces in the negligent act, and, as a matter of law, is guilty of contributory negligence. Among the cases so holding are the following: *Sharp v. Sproat,* 111 Kans. 735 (208 Pac. 613); *Grifenhan v. Chicago R. Co.,* 299 Ill. 590 (132 N. E. 790); *City of Gary v. Geisel,* 59 Ind. App. 565 (108 N. E. 876); *Elling v. Blake-McFall Co.,* 85 Ore. 91 (166 Pac. 57); *Howe v. Corey,* 172 Wis. 537 (179 N. W. 791); *Duffy v. Bishop Co.,* 99 Conn. 573 (122 Atl. 121); *Beck v. Director General of Railroads,* 268 Pa. St. 571 (112 Atl. 34); *Nelson v. Johnstown Traction Co.,* 276 Pa. St. 178 (119 Atl. 918); *Holden v. Missouri R. Co.,* 177 Mo. 456 (76 S. W. 973). See, also, Berry on Automobiles (4th Ed.), Section 584.

In other cases, the duty of the guest in this respect is held not to be an absolute one, but to be limited by the obligation to exercise reasonable care for his own safety; and that a failure to give warning or make protest to the driver will amount to contributory negligence when, and only when, a person of ordinary prudence would, under like circumstances, have uttered such warning or protest; and that this question is for the jury.

In *Hermann v. Rhode Island Co.,* 36 R. I. 447 (90 Atl. 813), it was recognized that it is the duty of the passenger to use reasonable care for his own safety, and that this is primarily a question for the jury, and the court observed:

"It cannot be said, as a matter of law, that such guest or passenger is guilty of negligence because he does nothing. In many such cases the highest degree of care may consist of inaction."

The doctrine so expressed has been recognized in other cases of sudden danger where an emergency arose. *Slee v. Neller,* 226 Mich. 151 (197 N. W. 530); *Cram v. City of Des Moines,* 185 Iowa 1292.

Its application has been expressly or in effect denied in cases where there was "adequate and proper" opportunity for warning or protest. *Ferrell v. Solski,* 278 Pa. St. 565 (123 Atl. 493); *Nelson v. Johnstown Traction Co.,* supra; *Sharp v. Sproat,* supra.

The Supreme Court of Washington, in *Bauer v. Tougaw,* 128 Wash. 654 (224 Pac. 20), said:

"If the driver's negligence was such that the passenger should actually have noticed it, or, in the exercise of reasonable care, is charged with notice of it, it was not the imperative duty of the passenger to warn or caution or attempt to persuade the driver to desist. His duty was, as we have said, merely to act as a reasonably prudent and cautious man would have done under the same circumstances * * *."

In *Weidlich v. New York, N. H. & H. R. Co.*, 93 Conn. 438 (106 Atl. 323), the court said:

"The guest on the rear seat of an automobile owes a very limited degree of care. He is not expected to direct the driver, nor to keep a lookout. Dangers or threatened dangers known to him, he must warn the driver of, and for his failure to do so, be chargeable with having proximately contributed to the accident, unless a reasonable person, under all the circumstances, would not have given the warning."

It was held, in *City of Gary v. Geisel*, supra, that a guest who rode with another at an unlawful speed for 1,200 feet without protest before striking a pile of brick in the street was not, as a matter of law, guilty of contributory negligence.

In *Lambert v. Eastern Mass. St. R. Co.*, 240 Mass. 495 (134 N. E. 340), it was said of a wife riding with her husband, where the automobile upset upon defendant's railway track and was struck by a car:

"If the jury found that, in the exercise of common prudence, she ought to have given warning to her husband of carelessness on his part which she observed, or ought to have observed, in the exercise of due care for her own safety, and that she ought to have warned him that he was driving at too great a rate of speed, in view of the condition of the surface of the street, or that, in the exercise of reasonable care, she should have seen the approaching car and directed his attention to it, and that she failed to do so, she would not be entitled to recover."

In *Irwin v. McDougal* (Mo. App.), 274 S. W. 923, the court said:

"It is impossible for courts to lay down fixed rules by which to determine just when and under what circumstances an automobile should be driven from the rear seat. Each case must

rest upon its own facts. The courts all agree, however, that a passenger or guest in an automobile must use ordinary care for his own safety, and when the exercise of such care requires that he call the attention of the driver to approaching danger, he must do it, or be open to the charge of contributory negligence.''

It is said in Babbitt's Law Applied to Motor Vehicles, 1010, that cases holding that a mere guest has no such control over the driver as to charge him with negligence for a failure to protest at the driver's act more nearly represent the real position of the guest than those holding him to a stricter obligation.

We now turn to our own cases. In *Hubbard v. Bartholomew*, 163 Iowa 58, a policeman riding with another was injured when the car in which he was riding, to avoid collision with the defendant's car, which was being negligently operated, struck a tree. The car in which plaintiff was riding was traveling at an unlawful speed, and we held that the plaintiff, whose duty it was to enforce the law, was guilty of contributory negligence in failing to have the driver reduce the speed. We quoted with approval from *Holden v. Missouri R. Co.*, supra, a case where the plaintiff, not an officer, made no effort to have the driver reduce the speed, and where the court held that such failure contributed to the collision, and the plaintiff could not recover. It is obvious that the *Holden* case, under its facts, goes much further than the *Hubbard* case. The obligation resting upon an officer to enforce the law is very different from that resting upon an individual, when riding as a guest, to exercise due care for his own safety.

In *Herdman v. Zwart*, 167 Iowa 500, the horse, drawing a buggy in which plaintiff was riding, and driven by her husband, was frightened by defendant's automobile. After the horse was under control, plaintiff proceeded in the buggy, when the horse ran away, causing her injury. The court instructed that, if plaintiff knew and appreciated the danger incident to proceeding in the buggy, or in the exercise of ordinary care should have known and appreciated such danger, and elected to pursue her journey, the jury would be justified in finding that she ''assumed the risk,'' and, in that event, that she could not recover. We said it was immaterial whether her conduct

be denominated an assumption of the risk or contributory negligence, and approved the instruction that in such case the plaintiff could not recover.

We held in *Stoker v. Tri-City R. Co.*, 182 Iowa 1090, that one riding on a truck driven by another was not, as matter of law, guilty of contributory negligence when the truck collided with a street car. We said that he was bound, after the emergency arose, to exercise such care and prudence as a reasonably careful person, placed under like circumstances and confronting a like emergency, would use, to prevent the accident, and to this end should have employed the means reasonably at hand and available to him for that purpose.

In *Cram v. City of Des Moines*, supra, we refused to subscribe to the doctrine that:

"One who, while riding with another who is negligent in such driving, fails to require the driver to exercise proper care and prudence, or take other steps for his own protection, is guilty of negligence."

*Wagner v. Kloster*, 188 Iowa 174, was a case where plaintiff was injured in a collision between the car in which he was riding and another driven by the defendant, and plaintiff had called the attention of the driver to the approaching car. We said:

"Whether the exercise of ordinary care exacted that plaintiff should have done more than he did, was for the jury to determine."

In *Bradley v. Interurban R. Co.*, 191 Iowa 1351, the plaintiff, riding on a small seat back of the front seat in an automobile, was injured in a collision with an electric car. Speaking to the contention that the plaintiff was bound to exercise reasonable care for his own safety, and that such care required him, as a matter of law, to observe the crossing, to discover if a car was approaching, and, if so, to warn the driver, and that, failing to do so, he could not recover, we said:

"With the first proposition, that the invited guest or passenger is not absolved from his obligation to use reasonable care for his own safety, there is no room for dispute; but this is as far as the court can keep step with counsel. The leap from the statement of duty of reasonable care for one's own safety to

the conclusion, as a matter of law, that the invited guest is negligent if he fails to see an impending danger in time to interfere and prevent it, is entirely too far. The question as to what is reasonable care in such an emergency is peculiarly a question for the jury. Within reasonable limits, the invited passenger in an automobile may reasonably and lawfully rely on the skill and judgment of the driver. He cannot physically interfere with the driver's control of the car, without peril of disaster. He may, under proper circumstances, sound an alarm, if he sees danger ahead of which the driver seems oblivious; but even then he must still, to some extent, place his reliance upon the driver to avoid it."

*Waring v. Dubuque Elec. Co.*, 192 Iowa 1240, reaffirms the rule laid down in *Bradley v. Interurban R. Co.*, supra.

In *McDermott v. Johnson*, 193 Iowa 19, which was an appeal by the plaintiff, who, while riding with another, was injured in a collision, and complained of the submission to the jury of the question whether he could have avoided the collision "if by the exercise of reasonable care he could have discovered the impending collision or danger and warned the driver of said automobile and thereby enabled him to stop or turn aside," because, it was said, plaintiff had no opportunity to warn the driver, we held that there was no error.

*Glanville v. Chicago, R. I. & P. R. Co.*, 196 Iowa 456, was a case where the plaintiff, riding in the rear seat of an automobile, was injured when the car was struck by a train. We said that the plaintiff was not in charge of the car, and had a right to observe and rely upon what the driver was doing, and his care for the safety of himself and other passengers; but that this did not absolve plaintiff from her duty to use reasonable care; and that the question of contributory negligence was for the jury.

We have said, with respect to one about to cross a railway track, that it is not the province of the court to say, as a matter of law, that it is his duty to take a particular precaution, "but rather that he shall observe all the cautions required by reasonable and ordinary regard for his own safety * * *." *Gray v. Chicago, R. I. & P. R. Co.*, 160 Iowa 1.

In view of this divergence in the opinions of eminent courts,

our own prior expressions on the subject, and the general rules long established in this state, we are of the opinion that the doctrine announced in the instruction ought not to be approved; but that it should have been left to the jury to determine, under proper instructions, whether the exercise of due care for her own safety required that the plaintiff, under the circumstances, should have protested to the driver, or attempted to have him reduce the speed of the car, and, if so, whether what she did, if anything, amounted to the exercise of due care on her part.

The lower court properly granted a new trial, and the order appealed from is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.