## 12428

### DAUGHRITY *ET AL.* v. WILLIAMS

#### (142 S. E., 722)

1. AUTOMOBILES—PERSON DRIVING AUTOMOBILE IN EXCESS OF SPEED LIMIT FIXED BY ORDINANCE IS NEGLIGENCE PER SE.—Person who drives an automobile in excess of the speed limit fixed by municipal ordinance is guilty of negligence *per se.*

2. AUTOMOBILES—AUTOMOBILE DRIVER, INJURED WHEN EXCEEDING MUNICIPAL SPEED LIMIT, CANNOT RECOVER FOR INJURIES.—An automobile driver cannot recover for injuries proximately resulting because of his own negligence in driving automobile in excess of speed limit fixed by municipal ordinance.

3. TRIAL—JUDGE'S EXPLANATION OF MUNICIPAL ORDINANCE REGULATING SPEED OF AUTOMOBILES HELD NOT CHARGE ON FACTS.—Construction and explanation to jury of provisions of municipal ordinance regulating speed limit within municipal limits *held* not to constitute a charge on the facts.

4. TRIAL—CHARGE, IN ACTION FOR INJURIES IN AUTOMOBILE COLLISION, ILLUSTRATING MEANING OF PROXIMATE CAUSE, HELD NOT ERRONEOUS.—In action to recover for injuries received in automobile collision, charge illustrating meaning of probable cause by reference to automobile approaching railroad track without brakes and exceeding speed limit *held* not erroneous, in that purpose of instruction was to illustrate to jury the meaning of proximate cause.

5. NEGLIGENCE—LAW DOES NOT IMPOSE LIABILITY FOR MERE ACCIDENT.—Law does not impose liability for a mere accident, which could not have been guarded against.

6. AUTOMOBILES—INSTRUCTION, IN ACTION FOR INJURIES IN AUTOMOBILE COLLISION, TO EFFECT THAT LAW DOES NOT PUNISH FOR ACCIDENT, HELD NOT ERRONEOUS AS CONFUSING.—In action for injuries in automobile collision, charge as to accident to effect that the law does not punish one for an accident, but only for a conscious wrongdoing, *held* not erroneous as confusing when taken in connection with other portions of charge.

Before MANN, J., Sumter, Spring Term, 1927. Affirmed.

Action by Loretta Daughrity and another against J. Frank Williams. Judgment for defendant, and plaintiffs appeal.

NOTE: Speed of automobile as negligence, see annotation in 25 L. R. A. (N. S.), 40; 2 R. C. L., 1192; 1 R. C. L. Supp., 728.

As to liability for injury attributable to accident, see 20 R. C. L., 17; 3 R. C. L. Supp., 1018; 4 R. C. L. Supp., 1325.

The fifth paragraph of the plaintiffs' complaint and the exceptions directed to be reported are as follows:

That it is provided by the ordinance of the city of Sumter that every person operating a motor vehicle on the public streets, boulevards, parkways, or parkroads, within the city, shall drive the same in a careful and prudent manner, and at a rate of speed that shall not endanger the property of another, or the life or limbs of any person or persons; and it is also provided that it shall be unlawful to drive a motor vehicle on any of the streets of Sumter in excess of 15 miles per hour, and not exceeding 10 miles per hour, in passing any street, intersection, crossing, or crosswalk, when any person, or vehicles, is upon said intersection crossing or crosswalk, with whom, or with which, there may be any danger of collision. It is also provided, by the ordinance of the said city of Sumter, that, when two or more vehicles are approaching a corner or intersection of two streets at the same time, the traffic approaching said corner from the driver's right-hand side shall have the right of way.

## EXCEPTIONS

The plaintiffs appellants, except to the charge of the presiding Judge upon the grounds:

(1) In charging the jury as follows:

"If you should be crossing—should be approaching a crossing in the city of Sumter, and you should be at a certain distance from the crossing, and you see somebody else about the same distance from the crossing, if you have the right of way, you would have a right to assume that the other persons know you have it, and, if you are traveling at a legal rate of speed, you would have the right to assume that they will stop and let you go by. On the other hand, if you are not the one that has the right of way, and see some one approaching at a distance from the crossing, and in your ordinary calculation—I mean in the calculation of a man of ordinary reason and prudence—you could see that you

could reasonably get by without stopping, that is exactly what the law says you have a right to do; you are within your rights, unless you are acting negligently in some other way. You see these statutes, as I stated before, are predicated upon reason. The State of South Carolina is proud of the reasoning faculties of its citizens, and it gives them considerable latitude in exercising that discretion, to the end that things may be expedited and not be too greatly handicapped, and at the same time that in the exercise of those faculties you won't do somebody else an injury. That is the basis upon which our law is written."

The error being:

(a) That his Honor limited the plaintiff to the right of way which she had, unless she was traveling within the speed limit, whereas he should have charged the jury that she had the right of way, even if she was traveling in excess of the rate of speed permitted by the city ordinance, and had the same right to assume that the other party would stop and permit her to pass, even if she was exceeding the speed limit. This was in effect charging the jury that, if the plaintiff was traveling in excess of the rate of speed permitted by the city ordinance, then she was guilty of negligence or contributory negligence, and could not recover.

(b) In effect, charging the jury that, if a person of ordinary reason and prudence calculated that the other party approaching the intersection at the same time was a sufficient distance from the intersection to permit them to cross, that such person would not be guilty of negligence, for a person of ordinary reason and prudence would have reached the conclusion from their calculation that they had time to cross ahead of the party who had the right of way. Whereas his Honor should have charged that, if two persons approaching an intersection at the same time that the party approaching from the right has the right of way, and that it was the duty of the other party to stop and permit the party having the right of way to cross, instead, in effect, of

15—S. C. R.—144

charging the jury that, if a person of ordinary reason and prudence, by his calculation, reached the conclusion that he had sufficient time to cross in front of the party who had the right of way, such party would not be guilty of negligence, even though he miscalculated, and said charge was also a charge upon the facts, because his Honor stated to the jury, in substance, the law means that, if a person of ordinary reason and prudence, by his calculation, reached the conclusion that he had time to pass, this was in compliance with the law. Whereas his Honor should have charged the jury what the law was, and left it with the jury to decide, from the facts, what acts constituted negligence, and not tell the jury that, if a person of ordinary reason and prudence, by his calculation, could reasonably come to the conclusion that he could cross ahead of the party who had the right of way, which is a charge upon the facts, in that it was in effect charging the jury what acts would not constitute negligence, whereas this was a question of fact, which should have been left to the jury.

(2) His Honor erred in charging the jury:

"Now, what is meant by proximate cause? The legal, technical definition is that which was directly and immediately effective in producing the injury complained of, and without which it would not have happened. Now, that is the technical term, Mr. Foreman and gentlemen of the jury, one a little bit hard to remember, but sometimes I give an illustration which, when I am through with it, helps you to better apply that principle. That which was directly and immediately effective in producing the injury complained of, and without which it would not have happened. Let's get at it this way: We say it is against the law to run a train over a certain place faster than 50 miles an hour, and it is against the law to drive that train beyond a crossing without blowing the whistle at a certain distance or ringing the bell at a certain distance. Then we will say that it is against

the law to drive upon the highway which crosses that railroad at a greater rate of speed than 35 miles an hour, and also against the law to cross the crossing without first stopping, looking, and listening, and that it is against the law to travel upon the highway in a car not properly equipped with brakes and lights. All right, now here comes the train down the railroad traveling at the rate of 75 miles an hour; it does not blow the whistle, nor does it ring the bell. Here comes a man in an automobile up the highway, traveling at 50 miles an hour, has no brakes on the car, and has no lights on car. Now, the law says, if that train is traveling over 50 miles an hour, the driver is guilty of negligence *per se,* and the failure to ring the bell is negligence *per se,* and the failure to blow the whistle is negligence *per se.* So, you see, it is guilty of negligence *per se* in three instances, and the driver of the car, in exceeding 35 miles an hour, and having no lights and no brakes, is guilty of negligence *per se* in three instances. The man in the automobile comes to the railroad track; he looks up the railroad track, and he apprehends the train coming, and in his excitement he does something that cuts off his motor, and he stops on the railroad track, or if, after seeing the train, he applies his brakes, and his brakes don't work, and he stops on the railroad track, and the engine comes along, and skyrockets him away. Now, you may say that the proximate cause of the action was that he didn't have brakes on the car. Whether the train was going 75 miles an hour, or whether it failed to ring the bell or blow the whistle, if he saw the train, doesn't make any difference, as neither one of those was the proximate cause of the accident. That which was directly and immediately effective in producing the injury complained of, and without which it would not have happened—that is the proximate cause; that is what the law asks you to seek for in this case. What was the direct and proximate cause of the injury inflicted upon this lady, if

any? What was the thing directly and immediately effective in producing the injury complained of, and without which it would not have happened? Was it on her part, or was it on the children's part? If it was on the children's part, then she can recover. If it was on her part, and not upon the children's part, then she can't recover. Now, they set out acts of negligence. They say she was traveling at an excessive rate of speed. Go ·ahead and see if she was; if she was, see if that was the proximate cause of Mrs. Daughrity's injury. Or, if she was guilty of any of these other acts of negligence alleged here, see if that was the proximate cause."

The error being:

(a) That said charge was a charge. upon facts. His Honor charged the jury that certain facts as illustrated by him would be negligence, and constitute the proximate cause of the injury, and that certain other facts would not. That the Judge charged the jury what facts would constitute negligence and the proximate cause. He, in effect, charged the jury that, if the plaintiff was running her automobile at an excessive rate of speed, and even if the defendant was running her automobile at an excessive rate of speed, and the accident occurred, the plaintiff could not recover because her excessive rate of speed would be negligence, and would constitute the proximate cause. As an illustration given by his Honor, it constituted a charge upon the facts in this case. He, in effect, charged the facts in the case at bar by giving an illustration as to what would constitute negligence *per se* if a train exceeded the speed limit and if an automobile exceeded the speed limit, because the evidence of the case at bar was to the effect that both automobiles had exceeded the speed limit, and his Honor by said illustration in effect told the jury that, if the plaintiff exceeded the speed limit, and an accident occurred, she could not recover, because that was negligence, and consti-

tuted the proximate cause of the accident. Whereas his Honor should have charged and defined to the jury what negligence is, and what the proximate cause is, and not undertaken to tell the jury what facts constitute negligence and the proximate cause; negligence being a mixed question of law and fact. His Honor was in error, we respectfully submit, in undertaking to tell the jury what facts would amount to negligence and what facts would amount to proximate cause, and he should have defined to the jury what negligence was, and what the proximate cause is, and whether the facts proven in the case were sufficient to show negligence, and whether such negligence constituted the proximate cause should have been left to the jury.

(b) That said charge was a charge upon the facts in violation of Article 5, § 26, of the Constitution, which prohibits Judges from charging juries in respect to matters of fact. We respectfully submit that the illustration given was to a large extent parallel to the facts of the case at bar and in this case constituted a charge upon the facts, and thereby invaded the province of the jury, and we respectfully submit that the entire portion of said charge above quoted was erroneous, and was a charge upon the facts, and took away from the jury the right to say what facts constituted negligence and what facts constituted the proximate cause.

(3) It is respectfully submitted that his Honor erred in charging the jury as follows:

"An accident is one of those unfortunate things that happen where people in the exercise of their ordinary senses just cannot prevent it. Now the law does not punish any one for an accident; it only punishes them for a conscious wrongdoing that one should not do in a given circumstance. Keep that in mind."

The error being:

That his Honor told the jury that no one is punished for an accident, and that they are only punished for a conscious wrongdoing, which took from the jury the right to consider that, although an accident, still if the accident was occasioned through negligence, the party guilty of the negligence could not be punished, and could only be punished for a conscious wrongdoing.

(4) It is respectfully submitted that his Honor erred in charging the jury as follows:

"The Court: What I understand you to mean is this: The illustration I gave you there of the engineer driving a train and the driver of the automobile. In a circumstance like that, you might find the failure to blow the whistle or ring the bell or traveling at an excessive rate of speed was the proximate cause. On the other hand, you might find that the man driving on the highway at an excessive rate of speed and not stopping to look and listen, and not having any brakes, was the proximate cause. You might find they are all proximate causes. In circumstances like that, you would leave them where you found them."

The error being:

That his Honor had told the jury by the illustration that, if a party was traveling at an excessive rate of speed, that would be the proximate cause at the case at bar. There was testimony to the effect that the plaintiff was driving at an excessive rate of speed, and this was just the same as if his Honor had said to the jury that, if you find from the evidence that the plaintiff was driving at an excessive rate of speed at the time of the accident, then she cannot recover, because that would be the proximate cause. This was the effect of his Honor's charge.

(5) "Mr. Jennings: I suggest this, your Honor: While A may be guilty of violating the law, and B may be likewise guilty, but if A's violation did not contribute to the injury as a proximate cause, and B's violation was the proximate

cause of the injury, then A could recover, even though he violated the law."

"The Court: I charged that fully in my first charge there."

The error being:

That his Honor charged the jury by his illustration that, one violating the law and an accident occurring, such violation would prevent the recovery, and his Honor was in error in saying that he had charged that fully in his first charge, but, on the contrary, he charged the jury that, if the plaintiff was violating the law by traveling at an excessive rate of speed, or a rate of speed in violation of the law, and an accident occurred, that would be the proximate cause, and that would be negligence, and she could not recover.

*Mr. L. D. Jennings,* for appellant, cites: *Charge on facts:* 51 S. C., 460; 47 S. C., 515, 523; 53 S. C., 452. *Negligence a question for the jury:* 35 S. C., 493; 25 S. C., 30; 54 S. C., 509; 61 S. C., 353; Id., 563; 125 S. C., 261; 1 C. J., 390. *"Accident":* 1 C. J., 390, Note; 90 Ind., 205; 46 Am. Rep., 205; 88 N. W., 41; 88 A. S. R., 940.

*Messrs. Epps & Levy,* for respondent, cite: *The law does not impose liability for a mere accident which could not have been guarded against:* 90 S. C., 229; 36 S. E., 921; 69 S. E., 683; 62 S. E., 385; 88 S. E., 1060.

April 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiffs sued in the Court of Common Pleas for Sumter County, for personal injuries alleged to have been sustained by Mrs. Daughrity in the collision of two automobiles, occurring on a public street in the City of Sumter. Mrs. Daughrity was driving one of the automobiles, and defendant's daughter was operating his car. The charge of

negligence on the part of defendant's daughter was denied by the defendant, who also claimed that Mrs. Daughrity's injuries were received on account of her contributory negligence. The allegations of negligence charged against the two drivers of the respective cars related principally to the provisions of an ordinance of the City of Sumter; the substance thereof being alleged in the fifth paragraph of the plaintiff's complaint, which will be reported. The verdict of the jury was in favor of the defendant, and the appeal is by the plaintiff.

There are five exceptions, all of which impute error to the charge of the trial Judge, Hon. M. M. Mann; and they should be reported. It is not necessary to examine separately all of the exceptions.

The appellant complains that some of the instructions, referred to in the exceptions, amounted to a charge on the facts. We are unable to agree with this position. We think from our examination of the whole charge that the trial Judge refrained from giving any intimation to the jury of his opinion of the facts in the case, and, to the contrary, that he expressly and repeatedly informed the jury that the facts were entirely for them.

It is urged in the first exception that the jury were 1, 2 charged that, if the plaintiff was traveling in excess of the rate of speed permitted by the city ordinance, she was guilty of negligence, or contributory negligence, and could not recover. The Judge was right in his instruction to the effect that one who drives an automobile in excess of the speed limit fixed by a municipal ordinance is guilty of negligence *per se*. And he was also correct, as we understand his charge, when he instructed the jury that, if negligence of that kind on part of the plaintiff was the proximate cause of her injuries, she could not recover.

It was the duty of the Judge to construe and explain to the jury the provisions of the said ordinance, and such explanation by him was not a charge on the facts.

If the case had been one against a railroad corporation for damages to the person or property of a traveler, occurring at a railroad crossing, the illustration given by the Circuit Judge, as referred to in the second exception, would have been, perhaps, not technically in accord with the law. The purpose of this instruction, however, was to illustrate to the jury what the trial Judge meant when he was endeavoring to inform the jury as to the meaning of proximate cause. Charged for the purpose stated, in the case at bar, we are unable to find any error as complained of.

We do not think the charge of the Court as to *accident* was prejudicial error. There was no claim for punitive damages in the case on the part of either the plaintiff or the defendant. This Court has held that the law does not impose liability for a mere accident, which could not have been guarded against. *Hodge v. Lumber Corporation,* 90 S. C., 229; 71 S. E., 1009. The language used by the trial Judge to the effect that the law does not punish one for an accident, but it only punishes one for a conscious wrongdoing, taken in connection with other portions of the charge, was not confusing to the jury, in our opinion. In other parts of the charge, the jury were clearly instructed that, if the negligence of the defendant's agent, his daughter, who was in charge of the car, caused the injuries of the plaintiff, and there was no contributory negligence on the part of the plaintiff which proximately caused the injuries, the defendant would be liable.

It is our view, taking the charge as a whole, the jury was correctly instructed as to the law applicable to the facts of the case, and we are unable to sustain any of the exceptions.

The judgment of this Court is that the judgment below be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.