## SCOTT v. CARLOS et ux. (No. 3162.)

Court of Civil Appeals of Texas. Amarillo. Jan. 23, 1929.

Rehearing Denied Feb. 20, 1929.

Luther Hoffman, of Wichita Falls, for appellant.

Moss & Deaver, of Memphis, for appellees.

HALL, C. J. The appellees, A. B. Carlos and wife, filed this suit against the appellant, Scott, to recover damages on account of personal injuries claimed to have been sustained by appellees as the result of an automobile collision caused by the negligence of appellant. The petition alleged that the appellees resided in Hardeman county and the appellant resided in Wise county at the time of the alleged negligent acts and at the time of the filing of the suit. The suit was filed in Hall county, where the accident occurred. The appellees alleged that appellant was driving his car at a reckless rate of speed, in violation of the law regulating the speed of automobiles; that the car was equipped with powerful lights, brighter than the law permitted, which blinded the appellees; and that appellant was guilty of negligence in not keeping to the right side of the road, and in driving his car over on to the left side of the road, where the collision occurred.

Scott filed his plea of privilege in an effort to have the case transferred to Wise county, the county of his residence. Appellees filed their controverting affidavit, setting forth substantially the allegations of their petition, and pleading that by virtue of subdivision 9, art. 1995, of the Revised Statutes of 1925, the district court of Hall county had venue of the suit. Upon a hearing, the plea of privilege was overruled, and the case is before us upon one proposition, challenging the action of the court.

R. S. art. 1995, provides: "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases: * * * 9. Crime or Trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The testimony shows that the collision occurred at a point in the road where it makes an "S" or a double turn. Carlos testified that in his opinion Scott was driving at the rate of 40 to 50 miles an hour and was on the wrong side of the road. He further testified that he drove off of the pavement, turning to the right, until two wheels of his car were off the pavement, in order to avoid the collision; that the casings of two wheels of his car and front fender were knocked off, the front wheel was damaged, and his car overturned. He further testified that he was traveling from 15 to 20 miles an hour, and could not have gone further to the right without running into the ditch, which was from 6 to 10 feet deep. The appellant admitted that the left wheels of his car were a little over the center of the road, and that he was over on the appellees' side of the road for a part of the way, and was in such position with reference to the center of the road at the time of the collision.

It is held that, under such conditions, the defendant was guilty of a trespass, bringing the case within section 9 of article 1995, and that the suit could be maintained in the county where the accident occurred. Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800; Old et al. v. Clark (Tex. Civ. App.) 271 S. W. 183.

P. C. 1925, art. 789, limits the speed of automobiles upon public highways to 35 miles per hour. The allegations and proof in this case show that the appellant was exceeding the speed limit. If this is true, he was subject to a fine of not less than $5 nor more than $200. The law of the road, as defined by P. C. 1925, art. 801, requires the driver of any such vehicle to travel upon the right-hand side of the highway and that vehicles proceeding in opposite directions shall pass each other to the right; each giving to the other half of the road as near as possible. A violation of the provisions of this article may be punished by a fine not exceeding $100.

It therefore appears that the appellant was not only guilty of a trespass, but of crimes and offenses, as defined by the criminal statutes, which is, we think, negligence per se. Johnson v. Heitman, 88 Wash. 595, 153 P. 331; Codner v. Stowe, 201 Iowa, 800, 208 N. W. 330; C. Crane & Co. v. Works, 19 Ohio App. 349; Hazard v. Edwards, 2 La. App. 514; Hinchey v. J. P. Burroughs & Son, 240 Mich. 273, 215 N. W. 346; Daughrity v. Williams, 144 S. C. 437, 142 S. E. 722.

We think the court correctly overruled the plea of privilege, and the judgment is affirmed.